Where *A* by articles of agreement with *B*. bargained, covenanted and agreed, that he would let and hire to *B*. a certain farm, for the term of six years; from the 1st *April*, 1807, to the 1st *April*, 1813, on condition and in consideration that *B*. should pay him 250 dollars on the first day of *April* in each year, during the term; and *B*. covenanted to pay the 250 dollars, and to do various other things specified in the agreement; and *A*. before the 1st *April*, 1807, sold the farm to *C*. In an action brought by *B*. against *A*. for a breach of covenant, in not giving *B*. possession of the farm, it was held, that the payment of the 250 dollars by *B*. was not a condition precedent, and that the term commenced on the 2d *April*, 1807; and that the *articles* were a lease of the farm from *A*. to *B*. and not a mere agreement for a future lease; and therefore the plaintiff could not recover; but, as lessee, must seek his remedy to get possession by an action of ejectment.

## THORNTON *against* PAYNE.

THIS was an action of covenant. The declaration contained two counts. The first count stated, that by certain articles of agreement, dated the 7th *January*, 1806, between the plaintiff and defendant, the defendant bargained, covenanted and agreed with the plaintiff, that he would let and hire to him a certain farm, &c. for the term of six years, from the 1st of *April*, 1807, and ending the 1st of *April*, 1813, on condition, and in consideration that the plaintiff should pay the defendant 250 dollars on the first day of *April* in each and every year, during the said term. There were also a variety of covenants on the part of the plaintiff, to do and perform certain things, as to the said farm, &c. and as to the manner of using and improving it. The breach assigned was, that the defendant had never let the said farm to the plaintiff, nor given him the possession thereof, nor permitted him to enter the same, although, on the 1st of *April*, 1807, and often afterwards, the defendant was requested, &c. but the defendant, before the 1st of *April*, 1807, sold and conveyed the farm to one *George H. Birtch*, &c.

The second count was similar to the first. The defendant pleaded to each count, that the plaintiff did not pay to the defendant, on the 1st day of *April*, 1807, the sum of 250 dollars, and with a verification.

To these pleas there was a demurrer and joinder.

*E. Williams*, in support of the demurrer. The question is, whether the payment of the 250 dollars, on the 1st of *April*, 1807, was a condition precedent. That this was not a condition precedent, is evident from the terms

of the agreement. The lease is for six years, *from* the 1st of *April*, 1807, to the 1st of *April*, 1813, and the rent is to be paid on the 1st day of *April*, in each year. The first day of *April*, 1807, must, therefore, be exclusive, and the first of *April*, 1813, inclusive. The lease did not commence, then, until the 2d of *April*, 1807.*

But if this was a condition precedent, yet, if the defendant, by his own act, puts it out of his power to perform his covenant, the plaintiff is not bound to proceed and do the first act.† Here the defendant, before the 1st of *April*, 1807, sold the same to *Birtch*, so that he could not put the plaintiff in possession.

Again, the articles of agreement do not amount to a lease, but are a mere agreement for a lease.‡

*Foot*, contra. Where there is a condition precedent, a performance of it must be shown, or that the other party had incapacitated himself from executing his covenant; but it does not appear, nor is it to be intended, that the defendant could not have performed. It will be found by the authorities, that, from the date, and from the day of the date, includes the first day. The case of the *Earl of Pembroke* v. *The Duchess of Portland*,§ in which all the cases were considered, was to that effect.

But we contend, that the instrument set forth in the declaration is a lease, and not an agreement for a lease. It contains no promise, or reference as to any future writing or lease to be executed.¶ The *term* is fixed; the amount of rent, and days of payment are stated; and there are mutual covenants for performance. If this was a lease, then, there has been no breach of covenant on the part of the defendant.

SPENCER, J. delivered the opinion of the court. The pleas are clearly bad, if the payment of the 250 dollars

NEW-YORK,
Nov. 1809.

THORNTON
v.
PAYNE.

*Pugh v. Leeds, Cowp.* 714.

† 5 *Co.* 21. *Cro. Eliz.* 450. *Willes*, 157. n. a. 1 *H. Bl.* 270.

‡ *Woodfall*, 10. *Cro. Eliz.* 156, 173.

§ *Cowp.* 723.

¶ 3 *Johns. Rep.* 44.

is to be considered as a condition, which it is not, but is to be construed as a covenant. There was no rent due on the 1st of *April*, 1807. The term was for six years, from the 1st of *April*, 1807, ending on the 1st of *April*, 1813, and the payment of the 250 dollars was to be on the first day of *April*, during the six years. Or, according to the plain sense of the agreement, here was a renting for six years, at the annual rent of 250 dollars, to be paid on the first of *April*, in each year. The term of six years is to be from the first of *April*, 1807; and whether that day shall be inclusive or exclusive, is to depend on the subject matter, and the evident sense of the parties. Here, then, there can be no hesitation in saying, that the day is excluded; for it would be unreasonable, without expressions clearly denoting the contrary, to suppose that the year's rent is to be paid in advance, and before any enjoyment of the premises. But the term is to end on the first of *April*, 1813; consequently that day is included; and if the rent is to be paid on every first of *April* during the term, and the first of *April*, 1807, be one of them, then, instead of the plaintiff's paying six years' rent for so many years' enjoyment, he would pay seven years' rent. Evidently, then, the term must commence on the 2d of *April*, 1807. Consequently, the pleas, tendering issue on an immaterial fact, are bad.

It has been objected, that the article set forth is a lease, and consequently that the breach, in not letting the premises, is not supported, and that the plaintiff, having committed the first fault, judgment must be against him. It is observable, that though the breach extends also to not giving the plaintiff possession, and not permitting him to enter; yet there are no such covenants in the article. The case, therefore, rests on this: whether the article is a lease *in presenti*, or an agreement for a lease. Without recurring to the cases

in the *English* reports, all the principles applicable to this case have been settled in this court. It is a cardinal point in determining whether contracts between parties, in relation to letting, are leases, or agreements for leases only, to seek for the intention of the parties from the whole instrument. The case of *Hallet* and *Wyley*, (3 *Johns. Rep.* 44.) was one of great hardship on the defendant, who was prosecuted for the rent of a house in *New-York*, accruing after its destruction by fire, without any blame imputable to him ; and the court reluctantly gave judgment for the plaintiff, adjudging the instrument between the parties to be a lease, though it purported, on the face of it, to be only a memorandum for a lease ; by which the plaintiff agreed to let or lease the house, for the term of four years, on a specified rent. In making that decision, the court was governed by the fact, that there was nothing in it to show that the parties contemplated any further assurance ; and it was there held, that the words implied a present demise ; the period for which it was to be held, and the rent, being definitely and accurately stated. The only circumstance differing this case from that is, that there the lessee went into possession under the instrument. But that alone cannot give a different effect to the articles now under consideration. I will barely observe, that in every case decided in the *English* courts, where agreements have been adjudged not to operate by passing an interest, but to rest in contract, there has been either an express agreement for a further lease, or construing the agreement to be a lease *in presenti* would work a forfeiture, or the terms have not been fully settled, and something further was to be done. In the present case, the words imply an immediate demise ; there is no stipulation for a further lease ; the term, the rent, and the manner of occupying the farm, are all explicitly stated. We are, therefore, of opinion, that the plaintiff acquired by the

article, all the rights of a lessee, from the first of *April*, 1807; and that there has been no breach of covenant on the part of the defendant. The plaintiff's remedy, if he is·kept out of possession, must be an action of ejectment.

VAN NESS, J· having been concerned as counsel in the cause, gave no opinion.

> Judgment for the defendant.

