# Weld, Appellant, *v.* Barker et al.

*Contract—Option—Computation of time.*

Plaintiff bought from defendant certain railroad bonds which by an agreement in writing were "to be held for one year, and not to be sold without the consent" of defendants. Plaintiff bound himself "to hold said bonds during the above period of one year," and defendants bound themselves to repurchase the bonds at the option of plaintiff "at the end of one year from the date of the contract." The agreement was dated April 21, 1890. *Held*, that the "one year from the date of the contract" was to be computed by excluding the day of the date, and that plaintiff's option became exercisable on April 22, 1891.

*Contract—Waiver—Extension of time.*

Under the above agreement, plaintiff, on April 22, 1891, notified defendants that he availed himself of the option to resell to them the bonds. In the meantime defendants had made an assignment for the benefit of creditors, and their assignee acknowledged the receipt of the notice and that plaintiff had tendered the bonds "in accordance with the provisions of said recited agreement." On Dec. 8, 1890, plaintiff joined with other creditors in granting an extension of "the time for the payment of all debts due" by defendants for one year from January 1, 1891. The agreement of extension contained no reference to plaintiff's option to resell the bonds. On Jan. 2, 1892, plaintiff again notified defendants of his desire to exercise his option.

*Held*, in an action to recover the price of the bonds, (1) that the assignee's acknowledgment of the first notice was insufficient to prove a waiver as to time.; (2) that it is doubtful if the agreement for an extension

applied to the option, and (3) even if it did it contained no waiver of the effect of the demand.

*Affidavit of defence—Affirmation on information and belief—Custom.*

In the above case, defendants filed an affidavit of defence in which they averred " on information and belief that there is a good general custom in New York, Boston and Philadelphia known to dealers in bonds and stocks that an ,option to sell at the end of any given period from a given date, expires on the last day of said given period." *Held,* (1) that the custom referred to applied to an option to sell at the end of any given period, and not to an option to demand a rescission of a sale after a year of obligatory retention by the purchaser of the article sold; (2) the affidavit being made by a banker with presumable knowledge of the custom referred to, was not sufficient when made on " information and belief, and no averment of expectation of ability to prove it ; " (3) as the custom was said to be one " known to dealers in bonds and stocks," it should have been alleged that plaintiff was such a dealer.

Argued Jan. 24, 1893. Appeal, No. 48, Jan. T., 1893, by plaintiff, William F. Weld, from order of C. P. No. 1, Phila. Co., Dec. T., 1891, No. 1251, discharging rule for judgment for want of sufficient affidavit of defence. Before Paxson, C. J., Sterrett, Green, McCollum, Mitchell and Dean, JJ.

Assumpsit to recover price of certain stocks and bonds.

From the record it appeared that on April 21, 1890, plaintiff purchased from defendants, Barker Bro. & Co., certain stocks and bonds under an agreement in writing which contained the following clause :.

" 4. The bonds to be held for one year and not to be sold at less than ninety-five (95) per centum of their par value and accrued interest during that period, without the consent of Messrs. Barker Bro. & Co.

" In consideration of the above Messrs. Barker Bro. & Co. hereby agree to give and do hereby give to William F. Weld the option, at the end of one year from the date of this contract, of returning and reselling to them the whole of said bonds together with said stock bonus, and in case said Weld desires to exercise said option, Messrs. Barker Bro. & Co. hereby agree to repurchase said bonds from him at their cost price.

" William F. Weld, party of the second part, hereby agrees to purchase said bonds on the above conditions, and to hold said bonds during the above period of one year, subject to the provisions of this agreement."

After the sale, defendants made an assignment for the benefit of creditors. On April 22, 1891, plaintiff notified defendants in writing of his desire to exercise his option to resell to them the bonds. In reply to his notice he received the following:

"PHILADELPHIA, April 22, 1891.

"We, the undersigned, hereby acknowledge that we have this day received the above-written notice by the said William F. Weld, and that he, the said William F. Weld, at the same time tendered to us said bonds and shares of stock and demanded repayment of their cost price in accordance with the provisions of said recited agreement.

"(Signed)      BARKER BROTHERS & CO.
"EDW. MELLOR, Assignee,
of Barker Brothers & Co."

On Dec. 8, 1890, plaintiff with other creditors agreed to an extension of "the time for the payment of 'all debts due by the said Barker Brothers & Company, individually or as a firm, for one year from the first day of January, 1891."

On Jan. 2, 1892, plaintiff again notified defendants of his desire to resell the bonds.

Defendant Wharton Barker filed the following affidavit of defence in which he averred:

"The plaintiff did not give the defendants notice at the end of one year from the date of the contract that he desired to exercise the option of returning and reselling to them the said stock and bonds or any part thereof. This notice was not given until April 22, 1891, one day after the end of one year from the date of the contract. The defendants did not by this letter, April 22, 1891, request of and were not granted by the plaintiff an extension of time for making such payment. On the contrary the only agreement in regard to an extension was signed by the plaintiff in December, 1890, and at the time said paper was so signed there was no agreement nor understanding made in regard to the time when the plaintiff should have the right to exercise the option aforesaid. The said agreement of extension of which a copy is hereto annexed, ended on the first day of January, 1892, and no other notice of a desire to exercise the option to resell the said stocks and bonds was given by the plaintiff until January 2, 1892.

"Your deponent is informed and believes that said notices

of April 22, 1891, and January 2, 1892, were both too late, and that the plaintiff has no right of action growing out of the refusal of the defendants to buy in pursuance of said notices.

" Your deponent avers on information and belief that there is a good general custom in New York, Boston and Philadelphia, known to dealers in bonds and stocks, that an option to sell at the end of any given period from a given date expires on the last day of said given period; that said custom is a part of the agreement set out in statement in this suit made between the plaintiff and defendants, and the defendants were under no obligation to purchase on either April 22, 1891, or January 2, 1892."

The court discharged a rule for judgment for want of a sufficient affidavit of defence.

*Errors assigned* were, (1) in refusing to enter judgment against defendants; (2) in discharging the rule as above.

*Richard P. White, Joseph P. McCullen* with him, for appellant.—In determining whether stipulations as to the time of performing a contract of sale are conditions precedent, the court seeks simply to discover what the parties really intended: Benj., Sales, § 593. The end of one year from April 21, 1890, at the earliest, marked the beginning of April 22, 1892, the day on which the plaintiff made his first tender. In Lysle v. Williams, 15 S. & R. 135, it is said that where the computation of time is from an act done, the day on which the act was done is to be included, but where the computation is from the day itself, the day is excluded: Marys v. Anderson, 2 Grant, Pa. 446; Taylor v. Jacoby, 2 Pa. 497; Bigelow v. Willson, 1 Pick. 485; Jacobs v. Graham, 1 Blackf. 392; Rand v. Rand, 4 N. H. 267; Goswiler's Est., 3 P. & W. 200; Harker v. Addis, 4 Pa. 515; Annan v. Baker, 49 N. H. 161.

By the notice and letter of April 22, 1891, the parties themselves construed the contract. In cases where the language used by the parties to the contract is indefinite or ambiguous, and hence of doubtful construction, the practical interpretation of the parties themselves is entitled to great if not controlling influence: Chicago v. Sheldon, 9 Wal., U. S. 50; Topliff v. Topliff, 122 U. S. 121; Coleman v. Grubb, 23 Pa. 393; Williams v. McHatton, 16 La. An. 196; Stapenhorst v. Wolff, 35

N. Y. Super. 25; Vinton v. Baldwin, 95 Ind. 433; Ætna Life I. Co. v. Nexsen, 84 Ind. 347; St. Louis G. L. Co. v. St. Louis, 46 Mo. 121; Butler v. Moses, 43 Ohio, 166; Price v. Evans, 26 Mo. 30; Add. Con. 8th ed., p. 293; Dist. of Columbia v. Gallagher, 124 U. S. 505; Mathews v. Danahy, 26 Mo. Ap. 660; Fogg v. Fire I. Co., 10 Cushing, 337.

Defendants have waived their rights as to time by reason of their conduct in accepting the tender after the time had passed as being made in accordance with the agreement: Webb v. Hughes, L. R. 10 Eq. 281; Upperton v. Nicolson, 6 Ch. Ap. 443.

A custom will not be permitted to alter the express terms of a contract, nor to trample upon a rule of law, and it is futile to contend that it can be set up in opposition to the intentions of the parties as to the meaning of the contract as evidenced by their own acts in construing it: Wigglesworth v. Dallison, 1 Sm. L. Cas., p. 928; Allen v. Dykers & Alstyne, 3 Hill, 593; Frith v. Barker, 2 Johns. 327; Woodruff v. Bank, 25 Wend. 673; Coxe v. Heisley, 19 Pa. 248; Globe Milling Co. v. Elevator Co., 44 Min. 153; Dickinson v. Gay, 7 Allen, 29; Snelling v. Hall, 107 Mass. 134; Haskins v. Warren, 115 Mass. 514; Bolton v. Colder & Wilson, 1 Watts, 363; Newbold v. Wright, 4 Rawle, 195.

Defendant's affidavit is defective because there are no facts alleged to show a good custom, and defendants do not aver their ability to prove the existence of the custom on the trial of the cause: Kaufman v. Mining Co., 105 Pa. 541; Sterling v. Ins. Co., 32 Pa. 75; Stitt v. Garrett, 3 Whart. 282; McCracken v. Church, 111 Pa. 106; Erie City v. Butler, 120 Pa. 374; Black v. Halstead, 39 Pa. 71; Hermann v. Ramsey, 5 W. N. C. 188; Thompson v. Clark, 56 Pa. 33; Reznor v. Supplee, 81 Pa. 181.

*Henry N. Paul, Jr., S. S. Hollingsworth* with him, for appellee.—Where a time limit is fixed in a contract for the sale of an article of fluctuating value—especially stocks or bonds—time is of the essence of the contract, and the limit must be observed to the day: Benninger v. Hankee, 61 Pa. 343; Parshall's Ap., 65 Pa. 224; Cleveland v. Sterrett, 70 Pa. 204.

By the terms of the contract of April 21, 1890, it was clearly

the intent of the parties that the option given plaintiff to re-sell should be exercised on April 21, 1891, at the latest.

Where a privilege as of purchase or sale is given to be exercised " at the end " or " at the expiration " of a given period, it must be exercised on or before the last day of that period : Campbell v. London & Brighton Ry., 5 Hare, 519 ; Brooke v. Garrod, 2 De G. & J. 62 ; Lord Ranelagh v. Melton, 2 Drewry & Smale, 278.

There being a latent ambiguity in the phrase " at the end of the year," when taken by itself, parol evidence of a good general custom may be received to explain it and determine its meaning : Gordon v. Little, 8 S. & R. 533 ; Eyre v. Ins. Co., 5 W. & S. 116 ; Carter v. Coal Co., 77 Pa. 286 ; Bank v. Fiske, 133 Pa. 241 ; Academy of Music v. Bert, 8 Pa. C. C. 223.

*Richard P. White, Joseph P. McCullen* with him, in reply.— In Benninger v. Hankee, 61 Pa. 343, the note was payable in one year if a contingency happened within that time. In Parshall's Ap., 65 Pa. 224, the contract stipulated that if payment was not made on or before a day certain the contract should be void. Cleveland v. Sterrett, 70 Pa. 204, was an executory contract to deliver oil on a day certain—there was no delivery and no readiness to deliver. Of course time would be of the essence of such contracts.

As to the time for performance, the three cases cited judged by the extracts given would seem to support the contention of the other side, but a very slight examination will show that they were of no weight : (1) The point as to the precise day of performance, whether the day before or the day after the limit, did not arise. (2) In each of these cases the decision was made on the ground that the requirement was that the act was to be done on or before the expiration of the limit given.

OPINION BY MR. JUSTICE MITCHELL, March 20, 1893 :

By the agreement between the parties the bonds were " to be held for one year, and not to be sold . . . . without the consent " of defendants. Plaintiff bound himself " to hold said bonds during the above period of one year," and defendants bound themselves to repurchase the bonds at the option of plaintiff " at the end of one year from the date of this con-tract." These mutual undertakings must be read together.

By the general rule the "one year from the date of the contract" is to be computed by excluding the day of the date, and there is nothing on the face of the contract to show a different intent of the parties. But the first year to be considered was that during which plaintiff was to hold the bonds and not sell without defendant's consent. Excluding the day of the date, that year began April 22, 1890, and ended April 21, 1891. It included the whole of the latter day, and defendants might insist on full compliance. A sale by plaintiff on that day would therefore have been a breach of the agreement. But it was at the end of that year, after he had performed his covenant in full, that plaintiff's option became exercisable, and this clearly was not until April 22, 1891, when the demand was made.

We do not attach much importance to the acknowledgment of the demand by defendants' assignee, though its terms do specify that it is "in accordance with the provisions of said recited agreement." It would scarcely be sufficient to prove a waiver as to time, if in fact the demand was too late. But it is some evidence that the parties themselves, defendants as well as plaintiff, then looked at the question of time in the same light that we construe it now, under the general principles of law.

Nor do we think the general rule can be modified by the averment of custom. The affidavit avers such custom "on information and belief." Defendants are bankers and brokers, and presumably know the customs of such business, but they do not say of their own knowledge that there is such a custom, nor aver their expectation of ability to prove it. Moreover the custom as alleged is said to be one "known to dealers in bonds and stocks," without saying that plaintiff is such a dealer. But waiving these formal defects, the custom as set up is as to an option to sell at the end of any given period, which does not, prima facie, at all touch the present case of an option to demand a rescission of a sale after a year of obligatory retention by the purchaser, of the articles sold.

The second demand on January 2, 1892, was unnecessary, and what took place is immaterial. The agreement of December 8, 1890, is merely an extension of time within which defendants were to pay. It does not in terms refer to this claim

at all, for it is limited to debts due, and this was not a debt but a contract which might or might not become a debt at the option of plaintiff. But even if the agreement applies to this claim it contains no waiver of the effect of the demand. The plaintiff's option was not extended by it, for its purpose was in relief not in enlargement of defendants' obligations. It did not make them liable for a longer period to the chances of the market value of the bonds, and the plaintiff's option thereon, but gave them additional time to pay, if the obligation to pay should arise under the contract. The plaintiff, therefore, having given notice, in the manner and at the time stipulated in the contract, of his intention to exercise his option to have the bonds repurchased, his only further obligation, under the agreement of extension, was to wait the agreed time before proceeding to enforce his rights by suit.

The affidavit discloses no valid defence.

Judgment reversed, and record remitted for the entry of judgment for plaintiff unless other legal cause be shown to the contrary.