## HERMAN v. WINTER.

In a suit to enforce specific performance of a contract to convey land to plaintiff, the complaint alleged that the parties contracted in writing, whereby defendant agreed to sell and convey to plaintiff the premises described in the complaint for a certain price; that plaintiff had tendered such sum, and performed all the conditions of the contract by him to be performed, and requested a conveyance; that defendant refused to convey, and that plaintiff was ready and willing to comply with the contract, but that defendant had notified plaintiff that defendant repudiated it and would not be bound. *Held*, that the complaint stated facts sufficient to constitute a cause of action as against an objection at the trial.

By Rev. Civ. Code, § 1151, an obligation is extinguished by a proper offer of performance with intent to extinguish the obligation. Section 1155 provides that if the person to whom an offer of performance should

be made cannot with reasonable diligence be found within the state, and within a reasonable distance from his residence or place of business, the offer may be made at his residence or place of business.    Section 1176 enacts that a refusal by a creditor to accept performance, made before an offer, is equivalent to an offer and refusal.   Section 1166 provides that an obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor with some bank of deposit within the state, and notice thereof given the creditor.   A contract provided for a conveyance of land to plaintiff on a certain day, and though before that the vendor stated he would not convey, on that day plaintiff called at defendant's house with the money to make the payment, and was told by defendant's family that defendant was absent, and that they thought he was at a certain place out of the state, whereupon plaintiff sent defendant a registered letter, and deposited the money in a bank, instructing the cashier to deliver the same on the deposit of a deed.   *Held*, that there was a sufficient tender to enable plaintiff to maintain a suit for specific performance;   sections 1151 and 1155 not being solely applicable to the case of debtor and creditor, and section 1166 being only applicable to the extinguishment of an obligation.

In an option contract for the sale of land, time is of the essence, and a tender or offer of payment must be made within the time specified by the party seeking to enforce the option.

Where a lease gave the lessee the option of purchasing at its expiration, he had the day following that on which the lease expired in which to make a tender.

(Opinion filed, Nov. 29, 1905.)

Appeal from Circuit Court, Jerauld County.   Hon. FRANK B. SMITH, Judge.

Suit by Henry Herman against William Winter.   From a judgment in favor of plaintiff, defendant appeals.   Affirmed.

*Aikens* & *Judge,* for appellant.   *A. E. Hitchcock,* for respondent.

CORSON, J.   This is an action to enforce the specific peformance of a contract for the conveyance of real property.   The findings and judgment being in favor of the plaintiff the defendant has appealed.

The appellant seeks a reversal of the judgment on the following grounds :   (1) For the reason that the court erred in overruling appellant's objection to the introduction of any evidence under the complaint;   (2) for the reason that the court erred in finding that on January 1, 1902, the plaintiff tendered to the defendant the sum

of $3,000, and demanded a conveyance of said property, and that said defendant at said time refused to perform the contract on his part; (3) for the reason that the court erred in making its conclusions of law that the respondent was entitled to a decree of specific performance and entering judgment thereon; (4) that the court erred in denying defendant's motion for a new trial for the reason that the physical and mental condition of counsel who tried the case for the defendant was not such as to enable him to have a fair trial. No demurrer was interposed to the complaint, but objection was taken by the defendant at the trial to the introduction of any evidence under the same, on the ground that the complaint did not state facts sufficient to constitute a cause of action. It is alleged in the complaint in substance that the defendant was the owner of the premises described; that the plaintiff and defendant entered into a written contract by which the said defendant agreed to sell and convey to said plaintiff the premises described in the complaint for the agreed price of $3,000; that said plaintiff has tendered to said defendant the said sum of $3,000 and performed all the conditions of said contract upon his part to be performed, and requested of the said defendant a conveyance of said tract of land, but that said defendant has refused and still refuses to convey the same; that the plaintiff is now ready and willing to comply with the terms of said contract, and that the said defendant has notified the plaintiff that he repudiates the contract, and will not be bound by the agreement therein, and that he will not convey the said property to the plaintiff on any terms whatever. It will be observed that it is alleged in the complaint that heretofore said plaintiff and defendant entered into a written contract by which the said defendant agreed to sell and convey the premises described in the complaint to the said plaintiff at the agreed price of $3,000. While the complaint is somewhat vague and uncertain, it does, we are of the opinion, state facts sufficient to constitute a good cause of action as against an objection taken to its insufficiency at the trial. Courts are inclined to view with disfavor an objection to the admission of evidence at the trial, on the ground that the facts stated in the complaint are not sufficient to constitute a cause of action, and are dis-

posed to hold the complaint sufficient if it states facts showing that the plaintiff is entitled to recover, though the same may be informally stated, and the complaint be subject to a motion to make more specific and certain. In this case, assuming the facts stated to be true, the plaintiff shows clearly that he is entitled to have the contract enforced, and the court therefore committed no error in overruling defendant's objection.

It is further contended by the appellant that the court erred in finding that on January 1, 1902, the plaintiff tendered to the defendant the sum of $3,000, and demanded a conveyance of said premises, and that the defendant at said time refused to perform the conditions of said contract on his part as the evidence was insufficient to support the findings. While the evidence discloses that the plaintiff did not in fact tender to the defendant the $3,000, as found by the court, the evidence shows that he did in effect make the tender by going to the residence of the defendant on the 1st day of January with the money, and that he was then and there ready and willing to pay to the defendant the said sum, but was unable to make the formal tender, for the reason that the defendant was absent from his home and from the state. The finding, therefore, was in our opinion justified by the evidence. The agreement in this case, though signed by both parties, was in effect an option contract. It was a stipulation appended to the end of a farm lease executed by the defendant to the plaintiff, and reads as follows: "And it is also agreed that the said Henry Herman shall have the privilege at the expiration of this lease of purchasing the above tract of land for the sum of three thousand dollars ($3,000)." The lease was executed in August, 1899, and was for the term of two years, commencing on the 1st day of January, 1900. The lease, therefore, by its terms, expired on the 31st day of December, 1901.

The evidence upon the subject of tender or offer of payment was in substance as follow: The plaintiff upon his examination, after testifying as to the genuineness of the signatures of himself and the defendant, testified: "I had a conversation with the defendant in this action, on or near the expiration of this instrument as named therein, concerning the purchase of the land described. It was

somewhere in the middle of November, about six weeks prior to the expiration of the lease, as near as I can tell. I told him I come over to see him in regard to closing up the deal for the purchase of the land; that I was ready to close up the contract as the option called for. I told him that I was ready to pay him for the land, and that I wanted the land, and he shook his head, and said: 'No, sir; I will never give you a deed for that land.' And I asked him why, and he said the contract was no good. We talked 15 or 20 minutes there in the road. * * * He has never at any time changed his expressions concerning that to me. He has never offered to deed the land to me upon the payment of that price. I came out to the ranch the day before the expiration of the option, the 29th of December, and drove to his residence on the 1st day of January last, and asked for Mr. Winter, and they told me he wasn't there; and I asked them where he was, and they said, as near as they could tell, he was at Mason City. After finding out that Mr. Winter wasn't at home, I went to Gann Valley to the post office there, and I got Mr. Ferren to write me up a notice notifying Mr. Winter that I was here ready to close up the option on that contract, and he drew up the notice, and I mailed it in Gann Valley post office, and registered the letter, and the same day I went to Kimball and deposited $3,000 in the Kimball State Bank for the purpose of getting a deed for this land. The cashier was instructed that if Mr. Winter deposited a deed for this land he was to have the $3,000." It will thus be seen that some six weeks prior to the time for making the tender the defendant distinctly informed the plaintiff that he would not execute any conveyance of the property to him, and that at the time the tender should have been made on the 1st day of January, 1902, the defendant was absent from his home and the only information that the plaintiff could get as to his whereabouts was from the family; a statement that he was absent, probably in Mason City. It may reasonably be inferred that the Mason City referred to was the Mason City in the state of Iowa, as that is a prominent city in that state, and we know of no such place in South Dakota. The acts of the plaintiff, therefore, in going to the home of the defendant with money to make the tender and subsequently depositing it

in the bank at Kimball, forwarding a registered letter to the defendant notifying him that he was ready and willing to take the property and pay for the same, and in his complaint averring his readiness and willingness to pay the amount specified in the contract, constituted, we think, in legal effect, a tender of the sum agreed to be paid and fully justified the court's findings. Under the title of "Offer of Performance" our Code provides: "An obligation is extinguished by an offer of performance, made in conformity to the rules herein prescribed, and with intent to extinguish the obligation." Section 1151, Rev. Civ. Code. And by section 1155 it is provided: "In the absence of an express provision to the contrary, an offer of performance may be made, at the option of the debtor: (1) At any place appointed by the creditor; or (2) wherever the person to whom the offer ought to be made can be found; or (3) if such person cannot, with reasonable diligence, be found within this state, and within a reasonable distance from his residence or place of business, or if he evades the debtor, then at his residence or place of business, if the same can, with reasonable diligence, be found within the state; or (4) if this cannot be done, then at any place within this state.

It is contended by the appellant that these sections have no application to the case at bar, for the reason that they are designed to meet the case of debtor and creditor, and that the plaintiff in this case was not a debtor within the meaning of that section, and the defendant was not a creditor; but we are inclined to take the view that these sections apply to all cases where an obligation is sought to be enforced. It is quite clear, therefore, that the plaintiff, not being able to find the defendant within the state and within a reasonable distance from his residence or place of business, was not required to do more than he did do as shown by the evidence in this case. Again, by section 1176, it is provided: "A refusal by a creditor to accept performance, made before an offer thereof, is equivalent to an offer and refusal, unless, before performance is actually due, he gives notice to the debtor of his willingness to accept it." As we have seen, the undisputed testimony shows that the defendant in this case, some six weeks prior to the time for the per-

formance of the contract, distinctly notified the plaintiff that he would not execute to him any conveyance of the property. Though the term debtor and creditor are also used in this section we see no reason why it is not applicable to the parties in the case at bar.

It is contended by the appellant that the only tender that could properly be made by the plaintiff which would bind the defendant was a tender under the provisions of section 1166 which reads as follows: "An obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor with some bank of deposit within this state, of good repute, and notice thereof is given to the creditor." But that section seems to apply only to the extinguishment of an obligation and the term "creditor" is there used as well as in the other sections referred to. After a careful examination of these various provisions of the Code, we are inclined to take the view that they apply to all cases where a tender at common law was deemed necessary, and that the plaintiff in this case, having complied with the provisions of section 1155, he has done all that the law requires of him to do, and that he in effect made the tender as found by the court on the 1st day of January, 1902, and within the time specified in the stipulation, as he was not required to make the tender or offer of payment until the expiration of the lease, and that did not expire until 12 o'clock on the night of the 31st of December. Consequently, the plaintiff had the following day in which to make the tender. It is undoubtedly true, as contended by counsel for the appellant and defendant, that in an option contract time is necessarily of the essence of the agreement, and that a tender or offer of payment must in effect be made within the time specified in the contract by the party seeking to enforce it. Richardson v. Hardwick, 106 U. S. 252, 1 Sup. Ct. 213; Weaver v. Burr, 31 W. Va. 736, 8 S. E. 743, 3 L. R. A. 94; Steele v. Bond et al., 32 Minn. 14, 18 N. W. 830; Bostwick v. Hess, 80 Ill. 138; Coleman v. Applegrath, 68 Md. 21, 11 Atl. 284; Gira v. Harris, 14 S. D. 537, 86 N. W. 624. This conclusion necessarily disposes of the third contention of the appellant that the court erred in its conclusion of law, and its conclusions necessarily followed from its findings.

It is further contended by the appellant that the court erred in denying appellant's motion for a new trial, for the reason that the physical condition of defendant's counsel at .the time of the trial was such as to preclude the defendant from having a fair trial. But we are inclined to take the view that the record as presented in this case shows quite clearly that the rights of the defendant were properly cared for on the trial, and no point in favor of the defendant seems to have been overlooked by his counsel. The granting or refusing a motion for a new trial is largely within the discretion of the trial court, and, as often said by this court, unless there is a manifest abuse of such discretion, the action of the court will not be interfered with. That the learned circuit judge who tried the case with a full knowledge of all the facts and the manner in which the case was presented on the part of the defendant deemed it proper to overrule the motion for a new trial is conclusive, and this court will not be inclined to interfere with the exercise of the trial court's judicial discretion in denying the motion.

The judgment of the circuit court and order denying a new trial are affirmed.