## I. X. L. FURNITURE & CARPET INSTALLMENT HOUSE v. BERETS et al.

No. 1849. Decided June 27, 1907 (91 Pac. 279).

1. LANDLORD AND TENANT—LEASE—CONSTRUCTION. In construing a lease, the whole instrument must be considered and all its terms looked to to ascertain the true intent of the parties; and, when the intent can be ascertained, it must prevail, though contrary to the strict letter of the contract.

2. SAME—TERM—COMPUTATION. Where the term of a lease extends "from December 1, 1904, to December 1, 1906, a term of two years," it expires November 30, 1906, if possession is taken December 1, 1904, or December 1, 1906, if possession is taken December 2, 1904.

3. PLEADING—DEMURRER. In an action involving the date of expiration of a lease, the landlord's demurrer to the tenant's complaint raised a question of law and not of fact, and by demurring they must be bound by a fair construction of the terms of the lease in fixing the term granted.

4. LANDLORD AND TENANT—OPTION TO RENEW—TIME FOR EXERCISE. Where a lease provided that upon the lessee's election "at the expiration of the term" the lessors would renew, the lessee was bound to elect at a point of time at or before the old time was expiring, after it had expired being too late.

5. SAME. The provision of a lease entitling the lessee to remove improvements placed on the premises did not extend the right to possession under the lease beyond the term fixed, but at most gave the right merely to enter upon the premises within a reasonable time for the purpose only of removing the improvements.

6. SAME. Courts may not disregard any provision of a contract, or save rights lost thereunder through the act of the party asking relief, unless it will be unconscionable or clearly inequitable not to do so; and, where a lessee failed to exercise an option to renew for three days after the time given in which to exercise it, he may not enforce the option where he pleads nothing that would have prevented him from making the election at the proper time except mere inadvertence, though the lessors knew that the lessee intended to request a new lease.

7. SAME. The equity rule seeking to prevent forfeitures is not available to a lessee who seeks to enforce a renewal of a lease after omitting to exercise an option for a renewal within the time prescribed by the lease.

APPEAL from District Court, Third District; C. W. Morse, Judge.

Specific performance suit by the I. X. L. Furniture & Carpet Installment House against Louis Berets and others. From a judgment dismissing the action, plaintiff appeals.

AFFIRMED.

*S. P. Armstrong* for appellant.

*W. R. Hutchinson* and *J. M. Thomas* for respondents.

APPELLANT'S POINTS.

Appellant's defense to said summary proceedings is equitable, so that the city court cannot pass upon its merits. (*Fenny v. Child*, 2 Maule & S. 255; *Finney v. Cist*, 34 Mo. 303; *Brumbaugh v. Springer*, 48 W. Va. 121.)

The appellant can secure relief only in an independent action, as for specific performance, and injunction as auxiliary. (*Spear v. Ordendorfer*, 26 Md. 41; *Tscheider v. Biddle*, 4 Dill. [U. S.] 55; 2 Joyce Inj., pp. 1081, 1094-4; *Hunter v. Silver*, 15 Ill. 174; 18 Am. & Eng. Enc. L., 695; *Railroad v. Railroad*, 23 Ill. App. 550; *Stock Yards v. Ferry Co.*, 102 Ill. 521; *Kraufman v. Liggett*, 208 Pa. St. 88.)

If the language used is ambiguous, or leaves a doubt as to the intent of the parties, it should be resolved so as to prevent a forfeiture. (*Eylo v. State*, 84 S. W. 611; *Marshall v. Vicksburg*, 15 Wall. 149; *Maughlin v. Perry*, 35 Md. 357; *Livingston v. Tompkins*, 4 Johns Ch. 431.)

And should also be construed most favorably to the lessee. (18 Am. & Eng. Enc. L., 621; 1 Taylor, Land. & Ten. [8th Ed.], sec. 81; *Bird v. Baker*, 102 Eng. C. L. 12 [1 El. & El.]; *Webb v. Dixon*, 9 East. 15.)

"In construction of law on the commencement of leases, the strongest shall be taken against the lessor, and most beneficially for the lessee." (*Bishop of Bath's Case*, 3 Coke, part VI, p. 36; *Dann v. Spurrier*, 3 Bos. & Pull. 405.)

If it is doubtful whether it terminates on the last day of the month or on the first day of the following month, the lessee may elect on which of the two dates it shall end. (18 Am. & Eng. Enc. L., 621.)

The respondents agreed to continue and renew the lease and give a further lease in case the lessee so elect, and upon request of said lessee at the expiration of the term. The lease terminated at midnight of last day to the term, December 1,1906. (*Ackland v. Lutley*, 9 A. & E. 879, 36 E. C. L. 320; *Wiggins v. Peters*, 1 Met. [Mass.] 129; *Annan v. Baker*, 49 N. H. 171; *Rogers v. Barr*, 97 Ga. 14; *State v. Mitchell*, 78 Am. St. [La.] 369.)

Where election is to be made "at the expiration" of a certain date it cannot be made before, and a reasonable time thereafter is allowed; at least request made the next day is in time. *Rogers v. Barr*, 97 Ga. 14; *Davidson v. Mfg. Co.*, 99 Mich. 501; *Chatham v. Plinke*, 1 Tenn. Ch. 576; *Annan v. Baker*, 49 N. H. 170; *Wiggins v. Peters*, 1 Met. [Mass.] 129; *Re Supply Co.*, L. R. 29 Ch. Div. 206; *Farwell v. Rogers*, 4 Cush. 463-6; *Stewart v. Meyer*, 54 Md. 463; *Marvin v. Marvin*, 75 N. Y. 241; *Burgess v. Burgess*, 117 N. Car. 447.)

A surrender on the 1st day of July was a surrender at the expiration of the last day of June. (*Wiggins v. Peters*, 1 Met. [Mass.] 129; *Lloyd v. Gregory*, 3 Croke [K. B.] 501-2. Under such circumstances equity will not regard time as of the essence, but will allow a reasonable time after the expiration, where a forfeiture would otherwise be incurred. (*Roberts v. Berry*, 52 Eng. Ch. [3 D. M. & G.] 284; *Moss v. Barton*, L. R. 1 Eq. 474, 29 Vict. 1866; *Buckland v. Papillon*, L. R. 2 Ch. App. 70; *Spear v. Ordendorf*, 26 Md. 37; *Monihon v. Wakelin*, 56 Pac. [Ariz.] 735; *Walker v. Edmundson*, 111 Ga. 457.) If the request had been made a day, a week, or even a month or year late, respondents, it does not appear, would have been hurt, and specific performance would still have been decreed. (*Coal Co. v. Dikeman*, 84 Ill. App. 379; *Banks v. Haskie*, 45 Md. 207; *Scarlett v. Stein*, 40 Md. 524.)

## RESPONDENT'S POINTS.

In 18 A. & E. Enc. of Law (Amer. Ed.), p. 692, sec. 3, the following rule is laid down: "Where a lessee for a term of years has the option to renew his lease it seems to be the better doctrine that he must notify his lessor before the term expires whether he elects to renew, as the lessor should know at the moment when a lease expires whether he has or has not a tenant." In support of this doctrine the following cases are cited: *Nicholson v. Smith*, 22 Ch. D. 640; *Shamp v. White*, 106 Calif. 220. *Renoud v. Daskam*, 34 Conn. 512; *Delachman v. Berry*, 20 Mich. 292; Taylor on L. & T., 332;

2 Woods, L. & T. (2 Ed.), 947; Jones on L. & T., par. 339, p. 359; *Therbaud v. Bank,* 42 Ind. 212; *Solon v. Lyon,* 2 Ves. 690; *London v. Mitford,* 14 Ves. 41; *Darling v. Hobin,* 53 Mich. 599.

"The lessee in such case is not obliged to wait until the termination of the lease before he makes his election to have the lease renewed; for the lessor bound to renew when the lessee makes his election and demands renewal. And a tenant under these circumstances would have the right to hold over at the original rent until the renewal rent is fixed, according to the terms of the contract, and a lease tendered." (1 Taylor's L. & T. [9 Ed.], p. 408; *Sutherland v. Goodnow,* 108 Ill. 528; *McAdoo v. Callum,* 86 N. C. 419; *Renoud v. Daskam,* 34 Conn. 512; *Stevens v. Reynolds,* 6 N. Y. 554; *Tracy v. Albany Exchange Bank,* 7 N. Y. 472; *Willoughby v. Atkinson Furniture Co.,* 93 Maine 195; *Connor v. Withers,* 4 S. W. 309.)

FRICK, J.

This is an equitable action for specific performance, based upon substantially the following allegations contained in the complaint: That on the 1st day of December, 1904, the plaintiff, a corporation, appellant in this court, and the defendants, respondents here, entered into a certain contract of lease in writing, duly subscribed by the parties, whereby the respondents demised and leased certain premises, describing them, to the appellant, for the term of two years thereafter in consideration of $2,400, payable in sums of $100 per month on the first day of each and every month in advance; that it was further agreed in said lease that in consideration of the sum of $1, paid by apppellant to respondents, that, in case appellant should so elect, respondents, upon the request of appellant, would at the expiration of said lease, continue and renew the same, and give a further lease on said premises to appellant for the further term of three years commencing from the date of the expiration of said first lease upon the same terms, rental, and conditions as in said first lease contained; that for reasons, which, however, were not unavoida-

ble nor accidental, the appellant further alleges that on the 1st day of December, 1906, when said first lease terminated, it inadvertently overlooked the matter of making a formal request of respondents for a renewal thereof, and did not do so until the 3d day of December, 1906, and that but for that fact it would have made such request for a renewal both before and at the expiration of said lease, and that the failure to do so was a mere oversight and wholly unintentional. Appellant also alleges: That during the summer of 1905 it made certain improvements on said premises, and that during the month of November, 1906, it made further improvements thereon by placing electric wires for lighting the buildings. The whole of the improvements so made it is alleged were of the value of $750. That during the month of November, 1906, the president and general manager of appellant met and talked with one of the respondents almost daily, and frequently did so with another of the respondents, and that both said respondents knew and were fully aware during all of said time, and long before the expiration of said lease, that appellant had elected and intended to continue said lease and in the occupation of said premises, and upon information and belief alleges that said two respondents were well aware that the lease was about to expire, but refrained from calling the attention of appellant's manager to such fact, with the intent and purpose of permitting him to overlook such fact, and to prevent him from making a formal request for a renewal of said lease, and thereby to secure an unconscionable and technical advantage. That the respondents were in no wise misled and suffered no damage or loss by reason of the failure of appellant to make a formal request sooner than it was made. That appellant upon the execution and delivery of said lease entered into and was in the sole possession of the premises up to the present time (December 21, 1906), conducting a mercantile business, buying and selling secondhand furniture, goods, and chattels, and that during the time of the occupancy of said premises appellant has built up and established said business and good will thereof on said premises, and thereby the location has become and now is valuable for carrying on

and conducting said business. That appellant has duly performed all the conditions of the said lease to be performed by it, and that "on Monday, December 3, 1906, which day was the first business day at the expiration of the term of said lease, the plaintiff requested and demanded from defendants" a renewal of said lease for a further term of three years, upon the same rental and conditions as contained in the original lease, and tendered the respondents the sum of $100, as payment for the first month's rent under the renewal, and requested them to comply with their agreement and renew said lease, but that they refused and still refuse to do so. That appellant always has been, and now is, willing to pay said rent, and brings into court said $100, as the first month's installment, and always was, and now is, able, ready, and willing to enter into and accept a renewal of said lease pursuant to the terms of said original lease for the further term of three years from the expiration of said original term. There are additional allegations to the effect that respondents have instituted proceedings against appellant for the possession of said premises and are prosecuting the same, and thereby are seeking to dispossess and forcibly eject appellant from said premises; that appellant has no legal defense to said action, and asks for a specific performance of the agreement to renew said original lease, for an injunction, and for general relief. To the foregoing complaint there is also attached, as an exhibit, a copy of the original lease entered into between the parties in which are contained several provisions which are important in solving the questions presented. The first provision, which was intended to fix the beginning and ending of the term, reads as follows: "To have and to hold the said premises, etc., unto the said lessee, its successors and assigns from the 1st day of December, 1904, for and during and until the 1st day of December, 1906, a term of two years." The rent is stipulated to be payable at the rate of $100 per month, payable in advance "on the first day of each and every month during said term." The other provision referred to reads as follows: "And in consideration of the sum of $1 to said les-

sors, paid by the said lessee, the receipt whereof is hereby acknowledged, the said lessors   .   .   .   do hereby agree with said lessee that in case said lessee  .  .  .  so elect, and upon request of said lessee  .  .  .  at the expiration of the term of this lease, they will continue and renew this lease and give a further lease on said premises unto said lessee  .   .  for the further term of three years from the date of the expiration of the term of this lease, upon the same terms, rental, and conditions as are herein contained." The lease also provides for a surrender of the premises by the lessee at the expiration of the original term, or at the expiration of a renewal thereof, and further provides that "the lessee shall have the privilege of removing any and all improvements which he may place upon said premises." To the complaint, supplemented by the lease as a part thereof, the respondents demurred upon the ground that the facts therein stated are insufficient to constitute a cause of action. The district court sustained the demurrer, and upon appellant electing not to amend or plead further, entered judgment dismissing the action, from which judgment this appeal is prosecuted.

While numerous errors are assigned in different ways, the ruling of the court, as we view it, presents but two questions, to wit: (1) When did the term of the original lease begin and end? (2) Was the request for a renewal of the original lease made in time to entitle the appellant to the relief prayed for, either as a strict legal right under the terms of the lease, or by reason of the alleged equities set up in the complaint? With respect to the first proposition, it may well be conceded that in the computation of time, where a period is fixed as commencing "from" a named date, as a general rule of construction, the date named will be excluded, and by the same rule, when a period of time is to continue "until" a certain day named, such day is also excluded. From this it necessarily follows that where, as in the lease in question, both "from" and "until" are used, then, unless the two dates named are both outside of the term granted, the general rule excluding both these dates cannot be applied. This is mani-

fest in this case from the fact that the term granted was for two years; no more, and no less. Under a lease, like the one in question, where the words "from" and "until" are used in connection with the other phrase, "a term of two years," as fixing the term granted, it may well be that either one or both of the dates named may be either included within the term or excluded therefrom. The whole instrument must be considered, and all its terms looked to to ascertain the true intent of the parties, and when this intent can be ascertained it must prevail, although it may be contrary to the strict letter of the contract. This rule is elementary, and among other numerous authorities in support thereof we cite the following: *Tracy v. Albany Exchange Co.,* 7 N. Y. 472, 57 Am. Dec. 538; *Chicago Title Trust Co. v. Smyth,* 94 Iowa 401, 62 N. W. 792; *Meeks v. Ring,* 51 Hun 329, 4 N. Y. Supp. 117; Bishop on Contracts, section 1343; 2 Kent Com. 555. If it should be assumed as a fact, which was quite possible, if not probable, that in this case the appellant claimed and was conceded the right of possession of the demised premises on the 1st day of December, 1904, the date of the lease, then the term would have commenced on that date by mutual consent of the parties construing their own contract, and hence would have ended on the 30th day of November, 1906, because the full term of two years would have ended on that day. If, upon the other hand, the right to possession had been denied on the 1st day of December, 1904, or possession was not taken on that day, then the term of two years could not have ended until midnight of the 1st day of December, 1906. In this connection the appellant alleges in one part of its complaint that the lease was entered into on the 1st day of December, 1904, whereby the premises in question were granted to it for the term of two years "thereafter;" and in another part of the complaint it is alleged that upon the execution of the lease appellant entered into possession of the premises. Under these allegations, in view of the terms "from" and "until," together with the phrase "a term of two years," as used in the lease, with regard to fixing the beginning and ending of the term granted.

it might possibly be assumed that the appellant did or did not take possession on the 1st day of December, 1904, the day the lease was executed, and upon its execution, as is alleged, possession was taken. Respondents, however, demurred, and thus raised the whole question as one of law and not of fact. By doing this we think they must be bound by a fair construction of the terms of the lease in fixing the term granted. If, therefore, we give appellant the benefit of all doubts on this question, and assume that under the terms of the lease the original term did not begin until the 2d day of December, 1904, and thus ended on midnight of the 1st day of December, 1906, what, then, are its rights?

This brings us to the second proposition above stated. Here, again, we must have regard to the language employed by the parties, and their intention must be determined from this language, the subject-matter of the agreement, and the circumstances surrounding them. The clear purpose of the parties, as gathered from their words and acts, is that the one desired to obtain a lease of certain premises for a term of two years, and the other intended to grant just that, and coupled with this grant they provided for a right or an option to appellant to have an additional term of three years by a renewal of the old lease. This option, however, was based upon a condition to be performed by appellant, to wit, a request for such renewal. All this is conceded, but appellant insists that the option was to be exercised by a request to be made only as stated in the lease "at the expiration of the term of this lease." If this phrase were to be applied to the exercise of the option alone, without keeping in mind the subject-matter to which it was coupled and the thing to which the minds of the parties were directed, there might be some force in appellant's contention that "at the expiration of the term of this lease" should be limited so that it, at least, did not mean before the end of the term, but that it meant, strictly applied, at the very end thereof, or immediately after the term had expired, which would be the day following. Counsel cites authorities to the effect that, where a notice of sale was to be given for thirty days a sale could not legally

be held until the day after the last date, or, where the right
of redemption is given, a party has the full time in which to
redeem; and some cases are cited where the right to purchase
was given at the expiration of a certain period, that an offer
on the day following the expiration was in time. The fol-
lowing cases illustrate the rule as applied to that class of
cases: *Annan v. Baker,* 49 N. H. 161-170; *Wiggin v.
Peters,* 1 Metc. (Mass.) 127; *Farwell v. Rogers,* 4 Cush.
(Mass.) 460; *Stewart v. Meyer,* 54 Md. 455-463; *Burgess v.
Burgess,* 117 N. C. 447, 23 S. E. 336; *Weld v. Barker,* 153
Pa. 465-470, 26 Atl. 239; *Herman v. Winter* (S. D.), 105
N. W. 457. The foregoing cases are, however, distinguish-
able from the case at bar, because they are controlled by some
statute, or are based upon some particular contract, where the
computation of time, as limited, is in accordance with the
evident intention of the parties when applied to the facts
and subject-matter of their contracts. If this be done in this
case, we can conceive of no serious difficulty in arriving at a
correct solution of what the duties of appellant were with re-
spect to exercising the option, and the time within which it
had to be done. To arrive at a correct result, we must not
only keep in mind the language employed, but also the object
or end in view which was sought to be accomplished in using
it. Appellant was given an option to obtain a new lease for
the demised premises. When was the new term to begin?
Immediately upon the expiration of the old. How was the
object to be made effective? By making a request for a new
term. These propositions admit of neither doubt nor dispute.
It seems clear, therefore, that the request was intended as a
prerequisite upon which a new term depended. It is like-
wise clear that the new term was to begin immediately upon
the expiration of the old without any interval of time be-
tween the two terms. If, then, the new term was to begin
immediately upon the expiration of the old, and the new
term was to depend upon the request to be made by appel-
lant, it seems not only the natural but the logical answer is
that the request was required to be made at a point of time,
either before and in no event later than the termination of

the old lease. Without this request, how would respondents know that a new term was desired? The phrase "at the expiration" therefore meant, and we think was clearly intended to mean, at a point of time at or before the old term was expiring, and not after it had actually expired and passed. Moreover, the new lease was by law required to be evidenced by a written instrument, and such likewise was the manifest intention of the parties. This, therefore, was not a lease where the tenant could extend the term by simply manifesting an intention to do so by some act or acts on his part, as in a case where two periods are named in a lease, one shorter than the other, and in which the tenant, at his option, may continue in possession for the longer term named. This class is illustrated by the following cases: *Shamp v. White*, 106 Cal. 220, 39 Pac. 537; *Delashman v. Berry*, 20 Mich. 292, 4 Am. Rep. 392; *Thiebaud v. Bank*, 42 Ind. 212.

The case at bar belongs to that class of cases where the contract expires absolutely, and a new term must be granted by the same formalities as was the old. If we assume, therefore, that the term fixed by the lease in question did not expire until midnight on the 1st day of December, 1906, then the appellant's rights to possession expired with that date. True, it was given the right to remove the improvements, if any, placed on the premises by it, but this did not extend the right to possession under the lease beyond the term fixed. This, at most, gave a right simply to enter upon the premises within a reasonable time for the purpose only of removing the improvements. The tenancy ceased on the expiration of the lease, and the right to rent terminated with it. If appellant remained in possession of the premises any time after the 1st day of December, it was not either as a tenant nor as a matter of right under the old lease. In order, therefore, to remain in possession any time after the old term expired, as a tenant, respondents would have to consent thereto, and for this reason doubtless provided that they would make a new lease at the expiration of the old, if requested so to do. This request, in view of all the circumstances surrounding

32 Utah—30

the parties, we think, should have been made at some time within the original term, and, at least, not after it had expired. This, in view of all the provisions contained in the lease we think, was also the intention of the parties. Where a notice of any kind is required to obtain a renewal of a lease, and a request is no less than a notice, the general rule seems to be that such notice must be given before the expiration of the old lease, or it will be too late. In 18 A. & E. Enc. of Law, 692, the rule is stated thus:

"Where a lessee for a term of years has the option to renew his lease, it seems to be the better doctrine that he must notify his lessor before the term expires whether he elects to renew, as the lessor should know at the moment when the lease expires whether he has or has not a tenant."

Appellant's counsel concedes this to be the rule where the lease does not fix the time when the notice must be given; but contends that, where, as in this case, the request need not be made until "at the expiration of the term," the request cannot be made before such expiration, and that "at the expiration" is just as much the day following as the day preceding the actual expiration. Quite true, if the parties had named a given date on which the request must be made, that day would control; but they said "upon request of said lessee, at the expiration of the term of this lease they will continue and renew" for another term of three years. We do not think that by this it was intended to limit the time of the request to the exact moment when the lease expired, but that it could rightfully have been made before that time. Nor do we think, for the reasons hereinbefore stated, that it was intended that the request could, as a matter of right, be made after the old lease had terminated. This also seems to be the holding of the courts, as appears from the following cases: *Shamp v. White,* 106 Cal. 220, 39 Pac. 537; *Renoud v. Daskam,* 34 Conn. 512; *Darling v. Hoban,* 53 Mich. 599, 19 N. W. 545; *Tracy v. Albany Exchange Co.,* 7 N. Y. 472, 57 Am. Dec. 538; *Thiebaud v. Bank,* 42 Ind. 212; *Strousse v. Bank* (Colo. App.), 49 Pac. 260-262; *Cooper v. Joy,* 105 Mich. 374, 63 N. W. 414. In some of the foregoing

cases it is held that where a notice is required it must be given, and that mere acts are insufficient. It is further held in *Darling v. Hoban,* supra, that, where the tenant had the right of election at the termination of the lease to demand a renewal, such election and demand must be made either on or before the last day of the old term; and in *Tracy v. Albany Exchange Co.,* supra, that, although the lease provided for the election at the "termination of the lease," it could be made before. But this court has also passed upon the question in the case of *Tilton v. Sterling Coal & Coke Co.,* 28 Utah 173, 77 Pac. 758, 107 Am. St. Rep. 689. True, the court, in that case, had under consideration the question as to when a certain option to purchase expired. The option to purchase was, however, to be exercised "at the expiration" of a subsisting lease, and therefore the question as to the time when it should have been exercised was presented for decision, and it was decided that the option had to be exercised, if at all, on or before the last day of the term granted by the lease, and could not be exercised thereafter. We conclude, therefore, that in view of the authorities, as well as upon sound reason and principle, the appellant was required to make its request on or before the last day of the old term. Of course any time on the last day would have been sufficient, but a request thereafter came too late. This also disposes of the question presented by appellant that the 2d day of December, 1906, the day after the expiration of the old lease, was a legal holiday. If, as we have held, the request should have been made on or before the end of the 1st day of December, then it was of no concern that the request could or could not legally be made on the 2d day of December.

Appellant attempted to avoid the consequences of a late request by setting up some alleged equities. There is, however, no equity in the facts pleaded, even if proved just as alleged, that would authorize any court to grant the relief prayed for. Courts have no right to disregard any provisions of a contract, or to save rights that are lost thereunder through the act of the party asking relief, unless it is made to appear that it would be unconscionable or clearly inequitable to do, or not

to do so. Nothing of that kind appears from the pleadings in this case. Appellant pleads nothing that would have prevented it from making the request at the proper time except mere inadvertence. The concealment attempted to be alleged does not amount to such. Appellant's manager knew, and always must have had the ready means of knowing, when the old lease expired. This fact could not have been concealed from him in view of the allegations of the complaint. Appellant, therefore, cannot predicate any right to relief upon this. Nor is the fact that at least two of the respondents had knowledge, through conversations with appellant's manager, that he intended to request a new lease available. A mere intention to make a request was not sufficient. The allegations do not go to the extent that respondents in any way prevented appellant's manager from making a request.

Finally it is claimed that the contract should be construed and applied most strongly against respondents under the equity rule, which seeks to prevent forfeitures, and that the acts of appellant in seeking a renewal should be favorably considered in its behalf for the same reason. But the rule contended for has no application to the facts in this case. No forfeiture is involved. Appellant at most, lost nothing but an opportunity by not performing a condition required of it, which was necessary to the enjoyment of a right to an additional term, and which was to be paid for when obtained. If a man is invited to attend a sale of his neighbor's property at a certain time, and is given the right of bidding for and purchasing it, and fails to attend the sale at the hour fixed, he may miss an opportunity, but he forfeits nothing. So here, appellant simply lost the right to a renewal of a new term. He forfeited nothing in the legal sense that that term is used to respondents.

The ruling of the court upon the demurrer was clearly right, and the judgment is affirmed, with costs.

McCARTY, C. J., and STRAUP, J., concur.