AMERICAN OIL COMPANY

*v.*

GEORGE W. RASAR et al.

(*Knoxville,* September Term, 1957.)

Opinion filed December 6, 1957.

38

Cox, Epps, Powell & Weller, Johnson City, for appellants.

J. Malcolm Shull, Elizabethton, Simmonds, Bowman & Herndon, Johnson City, for appellees.

Mr. Justice Burnett delivered the opinion of the Court.

The question for determination in this lawsuit is: Did the Oil Company, as the assignee under a registered assignment from the lessee, properly exercise its rights to an option as given under the said lease contract for a renewal of said contract for the first five-year renewal period?

On March 2, 1950, one Myers and wife who were the owners of a tract of land in Carter County, Tennessee, leased this to Pan-Am Southern Corporation. On January 31, 1957, the Pan-Am Southern Corporation assigned this lease to the American Oil Company, complainant herein. On June 22, 1950, Myers and wife sold a half interest in this property to the appellees, Rasar and wife

and on August 22, 1951, they sold the other half to other appellees, Rock and wife. All leases and deeds and assignments, etc., were duly recorded within a very few days after their execution.

The first lease of March 2, 1950, expired on June 30, 1957. This lease contained an option under Clause 6 thereof to the lessee to extend the same for two five-year periods, on the condition that the lessee give written notice to the lessors of their intention to extend this lease, at least 30 days prior to the expiration of the term then in force. The lease is on a printed form apparently prepared by the original lessee, the Pan-Am Southern Corporation. Of course throughout the lease the term lessor and lessee are capitalized. Clause 12 of the lease provides:

"It is further understood and agreed that all notices given under this lease shall be deemed to be properly given if delivered in writing personally, or sent by registered mail to the Lessor at the address herein shown, or to the Lessee at its principal office at 944 St. Charles Avenue in New Orleans, Louisiana. * * *"

More than 30 days before the expiration of the first term written notice was given to Myers and wife at their address shown in the lease, of the intention to extend the lease. No notice was given to any of the other parties nor is it claimed that they had notice.

Near the time when this lease expired and after time for any notice to extend it the then owners of the property, Rasar and Rock, notified the complainant that the lease would expire on June 30, 1957, and demanded that certain equipment of the lessees be removed from the

property as provided in the lease. This equipment consisted of gasoline pumps, etc., and when the same was not removed the defendant lessors then went into possession. Then it was that the Oil Company filed this bill to enjoin Rasar and Rock from interfering with the property of the Oil Company on the premises. The cause was demurred to and upon the demurrers being overruled an answer was filed in which the matters in the demurrer were likewise relied on. The cause was then heard on bill and answer. The Chancellor sustained the answers and dismissed the bill. The matter was seasonably appealed, arguments heard and briefs filed and we now have the matter for determination.

The only people that were given notice of the present lessee's intention to renew the lease were Myers and wife who had some years before sold their interest to Rasar, Rock and wife. These instruments were recorded and during that period of time the original lessee had recognized them by paying the rent and complying with the terms of the lease to them as lessors.

On September 18, 1951, the then owners of the property, Rasar, Rock and wife, executed an assignment of the rentals to the Carter County Bank, Elizabethton, Tennessee, and this assignment was recognized by the then lessee Pan-Am Southern Corporation and all the rentals were thereafter paid to the bank.

On January 31, 1957, the lessee Pan-Am Southern Corporation and the complainant herein the American Oil Company entered into a written assignment of the lease whereby the Pan-Am Southern Corporation assigned all of its rights under the lease to the American

Oil Company. This assignment was registered on March 11, 1957. Notice of the assignment of the lease was given by registered mail at that time to all the defendants.

When the American Oil Company gave, notice of its intention to renew this lease on May 23, 1957, this intention (notice) was only addressed to Myers and wife. *There was no notice given to Rasar or Rock and wife.* (This is the lawsuit.) There is no question as to the form of this notice, as to contents, etc.

On September 18, 1951, (this is the same date that the assignment was made to the bank heretofore referred to) the defendants and then owners of the property, Rasar, Rock and wife, executed another instrument to the Pan-Am Southern Corporation to increase the amount of the property covered by the lease of March 2, 1950. This conveyance in its caption, which is on a multigraph form apparently prepared by the Pan-Am Southern Corporation, referred to the lease of March 2, between Myers and wife. Throughout this amended and supplemental lease is the language that Myers and wife ''appear as lessor'' and then that the Pan-Am Southern Corporation ''appears as lessee''. This amended conveyance as said was between the present defendants who are the purchasers of the property from Myers and wife, to wit: Rasar, Rock and wife.

Subsequent to this lease the terms of the lease were carried out by the Pan-Am Southern Corporation with Rasar, Rock and wife on up until the question of this litigation arose, that is, the question of notice which was only given to Myers and wife who had years before sold their interest in the property to Rasar, Rock and wife.

This rider or addition of additional property added to the original lease adopted all the benefits and obligations of the original lease.

The contention of the Oil Company is that since the lease provided that notice should be given to the "Lessor" at the address as provided in the caption of the March, 1950 lease was given to these parties (Myers and wife, original lessors) that then the clause hereinbefore quoted in reference to notice of the lease has been complied with and that by giving this notice this lessee, assignee is entitled to the property under the terms of the lease for another five years.

To the contrary the obvious contention of the defendants was that both from a technical and a practical and a reasonable construction of the lease contract that notice of the lessees or lessees' assignee's intention to "exercise its extension privilege" had to be given to Rasar and Rock, who were lessors by express provision of the rider to the lease, and had been recognized as the lessors by the dealings between the parties over a period of years.

It seems to us that when this addendum was attached to the original lease in adopting the terms of the original lease (it was only between Rasar and Rock and wife and the Pan-Am Southern Corporation) that then these parties expressly agreed that the lessors as shown in the original lease were changed from Myers and wife to Rasar and Rock and wife. The parties were necessarily changed and the then lessee had notice of the fact. The lessee was dealing with Rasar and Rock in adding this

additional property to the lease. This additional property apparently adjoined the other property that they had under the 1950 lease. The Pan-Am Southern Corporation lessee clearly by executing this addendum to the lease recognized the fact that Myers and wife were gone and Rasar and Rock were the lessors. Of course under the very terms of the lease which was the original lease on a printed form by the Pan-Am Southern Corporation the addresses of Rasar and Rock were the proper addresses to give notice to in the absence of any other agreement to the contrary.

It seems to us that the reasonable construction of this lease is to hold that since Rasar and Rock were expressly designated and recognized as lessors in this addendum that they were the persons to whom notice should have been given. They were the ones who executed this document, not Myers and wife.

The fact that this addendum refers to the other lease as the one made by Myers and wife as lessors was merely a reference to that lease as a descriptive term of that lease. This lease was obviously drawn up and prepared by the lessee, Pan-Am Southern Corporation. If there is any ambiguity in it in any way, it must be construed against the lessee and in favor of the lessors. *Kentucky Home Mutual Life Ins. Co. v. Rogers*, 196 Tenn. 641, 270 S.W.2d 188. As far as we can see there is no ambiguity but the clear meaning and the common sense of the proposition is that since they knew that the lessors and the owners of the property had been changed that then the term lessor would apply to the owner. It seems rather strained in modern times to say notice should be given to people that are known by the one who

is required to give notice not to have any interest in the notice. This statement becomes more pronounced where the one giving the notice knows the owners or the ones entitled to the notice.

■ This lease of 1950 contained an option to extend the lease for other periods. Under the authorities of this State it is well settled that an option of the kind is a unilateral contract whereby the optionor for a valuable consideration grants to the optionee a right to make a contract for purchase (or lease) but this is not binding on the optionee though it is binding on the optionor during the life of the contract. This option is in effect the continuing offer to sell or lease and is irrevocable during the option period. *Jones v. Horner,* 36 Tenn.App. 657, 260 S.W.2d 198.

■ This option clause contains a 30-day notice provision which is a condition precedent to the taking effect of the renewal term. No obligations are on the lessors and no rights could be acquired by the lessee until the lessee or its assignee had complied with the terms of giving notice under this clause.

"It is quite generally recognized that where a lessee has a right of renewal provided he gives the lessor notice by a specified time that he intends to exercise such privilege, the giving of the notice is a condition precedent which must be complied with within the stipulated time, and that in the absence of special circumstances warranting a court of equity in granting relief the right of a renewal is lost if the notice is not given in accordance with the provisions of the lease." 44 Am.Law.Rep., Second Series, p. 1362.

Following this quotation are cases from most jurisdictions in the United States.

We have in effect accepted this proposition when we denied *certiorari* in *Noles v. Winn Oil Co.,* 30 Tenn.App. 227, 204 S.W.2d 539, wherein that court held that the acceptance by the lessor of the check for rent for the forthcoming year, sent with a letter of notice of the exercise of an option to renew a five-year lease, effected a waiver of a few days delay in giving the required notice.

 This option to renew of course is clearly for the benefit of the lessee or its assigns while at the same time the notice of the intention to exercise the option is for the benefit of the lessor and may by him be waived. This being the settled law, that is, that the lessor might waive the giving of notice, unquestionably then the person who can waive this must be the owner or the person owning the lease (in the position of the lessor), the one who has control of it. Thus it is that after a person has sold the property, and is no longer in that position, they clearly could not waive this provision.

"As a general rule, covenants to renew or extend are not personal, but, according to the decisions on the question, run with the land; and the legal successors of the lessee, as well as of the lessor, are entitled to the benefits, and are burdened with the duties and obligations, which such covenants conferred and imposed on the original parties." 51 C.J.S. Landlord and Tenant sec. 59 b, p. 601.

Cases from many States are cited as authority for this proposition including that of *Hinchman v. City Water*

*Co.,* 179 Tenn. 545, 553, 167 S.W.2d 986, 989 (opinion by the late Chief Justice Green). This Court there said: "A renewal covenant runs with the land."

■■ When a covenant runs with the land liability to assume its burdens or right to use its benefits passes to the landowner's assignees. Such a covenant is a promise, the effect of which is to bind the promisor and his lawful successors to the burdened land for the benefit of the promisee and his lawful successors to the benefited land. If this premise is true, it is under the authorities and particularly under our authority, why then is not the complainant required to give notice to Rasar and Rock and wife, the successors to the original lessor? They over a period of five or six years have been recognized by the immediate predecessor of the American Oil Company as the lessors; they have been dealt with as the lessors when an addendum to this lease was made by adding additional property and they had accepted the terms of that lease. Then too, when the assignment by the Pan-Am Southern Corporation was made to its assignee the American Oil Company, the mere fact that Rasar and Rock and wife were given notice of this assignment is to our way of thinking a recognition of the fact that these parties were lessors.

■■ The assignee of the lessor is entitled to enjoy the same benefits and remedies as the lessor. That is, Rock and wife and Rasar as the assignees of the Myers are entitled to the same benefits and remedies as the Myers would have had. The foundation of this right is the statute of 32 Henry VIII, ch. 34, which is recognized in Tennessee (*Bream v. Dickerson,* 21 Tenn. 126, 128), and under which grantees or assignees of the reversion,

or assignees of lessors, enjoy the same benefits and remedies which the lessors or grantors themselves had or enjoyed by the breach of any condition, covenant or agreement contained or expressed in leases or grants. This being true, clearly the assignees of the Myers, that is, the purchasers in this instance, Rasar and Rock and wife were entitled to the notice for this additional reason that the assignee of the lessee intended to exercise the option of this five-year renewal.

There being no allegations of fraud, trickery, accident or mistake and the notice of election not having been given to the owners of the property, landlords and lessors, as required by this contract of 1950, the decree of the Chancellor must be affirmed with costs.