IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
_____

MAX NORTON and
LONG OUTDOOR ADVERTISING,

        Plaintiffs-Appellees,

Vs.

JOHN A. McCASKILL d/b/a
CITY SIGN COMPANY,

        Defendant-Appellant.

FILED

October 7, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

Madison Chancery 50956
C.A. No. 02A01-9712-CH-00325

_____

FROM THE CHANCERY COURT OF MADISON COUNTY
THE HONORABLE JOE C. MORRIS, CHANCELLOR

James T. Ryal, Jr.; Adams, Ryal & Flippin of Humboldt
For Appellant

Larry A. Butler, Justin S. Gilbert; Spragin, Barnett,
Cobb & Butler, PLC of Jackson
For Appellees

*AFFIRMED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**DAVID G. HAYES, JUDGE**

This appeal involves a dispute over the duration of a lease. Defendant John A. McCaskill

(McCaskill), doing business as City Sign Company (City Sign), appeals the Chancellor's order

granting partial summary judgment to plaintiffs Max Norton (Norton) and Long Outdoor

Advertising (LOA).

On or about June 12, 1985, Richard D. Norton, Jr., Norton's brother,[1] entered into a lease[2] with City Sign.[3] Under the lease, Richard D. Norton, Jr., agreed to lease a billboard location on commercial property located on the Highway 45 By-Pass in Jackson, Tennessee to City Sign. According to the lease, City Sign agreed to pay monthly installments of rent in exchange for the right to maintain billboard advertising on the property. The lease was for a period of ten years beginning July 1, 1985 and ending June 30, 1995. As part of the lease, City Sign inserted a typewritten provision within the form lease which stated: "City Sign Company reserves an option to renew this lease at the end of 10 years for a like period."

On July 5, 1995, Norton notified City Sign by letter that the original term of the lease had expired on June 30, 1995. Norton added that since City Sign did not exercise the option to renew, the lease expired and was no longer in force.[4] Despite receipt of Norton's letter, McCaskill, owner of City Sign, wrote a letter dated July 10, 1995 notifying Norton that City Sign was exercising its option to renew the lease for the ten years specified in the lease. McCaskill enclosed a check for the month's rent on the lease.[5]

On September 11, 1995, Norton and LOA filed a complaint against McCaskill, individually and d/b/a City Sign Company, alleging that City Sign wrongfully refused, and has continued to refuse, to remove its billboard from the leased premises and has refused to release its sign permit with the Tennessee Department of Transportation. Norton and LOA claim that such wrongful refusal has prevented Norton from fulfilling his contractual obligations with regard to LOA. Furthermore, Norton and LOA claim that City Sign's wrongful refusal prevented, and has continued to prevent, LOA from obtaining sign permits and using the

---

[1] Subsequently, Norton became the successor in ownership of the property which is the subject of the disputed lease.

[2] The document is a printed form with typewritten additions drafted by City Sign.

[3] At the time the lease was entered into, City Sign was owned by the defendant's father, James H. McCaskill.

[4] Shortly thereafter, Norton entered into a new lease with LOA for the construction of highway signs on the property at or near the same location.

[5] McCaskill has continued to tender the monthly rent in accordance with the lease. However, Norton has continuingly rejected the monthly rent from McCaskill.

property for its own purposes and economic benefit. Norton and LOA assert that City Sign is liable for all damages resulting from City Sign's alleged breach of contract, trespass, and tortious interference with contractual relations.[6]

On February 13, 1996, Norton and LOA filed a motion for partial summary judgment asserting that the lease terminated June 30, 1995, and the "only reviewing issue to be tried is damages." Subsequently, City Sign filed a response and its own motion for summary judgment wherein it asserted that the lease "was renewed within a reasonable period of time following June 30, 1995."

On August 1, 1996, the Chancellor granted Norton and LOA's motion for partial summary judgment while denying City Sign's motion for summary judgment. Following the Chancellor's order, the parties entered into a consent judgment whereby the parties agreed upon damages should the appellate court affirm the Chancellor's decision.

City Sign appeals and presents the following issue for review: Whether the Chancellor erred in granting plaintiff's motion for partial summary judgment and in failing to grant defendant's motion for summary judgment.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. **Bain v. Wells**, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. **Id.** In **Byrd v. Hall**, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

---

[6] Norton and LOA also sought injunctive relief against City Sign to prevent City Sign from taking any action with regard to the issuance of a new sign permit and the erection of a new sign on property adjacent to the property that is the subject of this lawsuit.

*Id.* at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Ascertainment of the intention of the parties to a written contract is a question of law, rather than a question of fact. *Hamblen County v. City of Morristown*, 656 S.W.2d 331, 335-36 (Tenn. 1983). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

City Sign asserts that the option to renew the lease comes at the end of the ten years and not some time prior to the expiration of the lease. Furthermore, City Sign contends that since the lease provided an option to renew at the end of ten years, the option may be exercised within a reasonable time after the expiration of the lease term. City Sign asserts that the option was exercised within ten days of the expiration of the lease and thus within a reasonable time. For these reasons, City Sign claims it properly exercised the option to renew thereby extending the lease for an additional ten years.

On the other hand, Norton contends that the Chancellor was correct in granting the motion for summary judgment. Norton basically asserts that the lease expired on June 30, 1995, and that City Sign did not attempt to renew the lease on or before that time. According to Norton, the terms of the lease clearly state that the option was to be exercised at the end of the lease, not after the end of the lease. When the lease expired, the option to renew also expired. Thus, the option did not exist for City Sign to exercise.[7]

---

[7] Besides the typewritten option provision in the lease on which the parties have focused their attention, the lease contains a printed provision which could have affected the outcome of this lawsuit. The lease states:

> After the original term hereof, this lease shall continue in force
> from year to year for a period of seven (7) consecutive years
> unless terminated at the end of the original term, or any
> additional year thereafter, upon written notice of termination to
> Lessor by Lessee, served not less than thirty (30) days before
> the end of such term or additional year.

Neither party brought the provision to the attention of the trial court, nor have they relied upon the provision in this Court. The provision's beneficiary, City Sign, has obviously waived the provision and cannot now claim error for its exclusion. T.R.A.P. 36 (a) ("Nothing

It is well-established that leases are contracts and, thus, the rules of construction pertaining to contracts apply to leases in ascertaining the scope and meaning of leases. 49 Am. Jur. 2d *Landlord and Tenant* § 43 (1995). "The cardinal rule of construction of written instruments is that the intention of the parties as ascertained from the language of the instrument controls." *St. Paul Surplus Lines Ins. Co. v. Bishops Gate Ins. Co.*, 725 S.W.2d 948, 951 (Tenn. App. 1986) (citing *First Am. Nat'l Bank v. Chicken Sys. of Am., Inc.*, 510 S.W.2d 906, 908 (Tenn. 1974)). However, where the lease is unambiguous, the language in the contract itself establishes the intent of the parties. Thus, if the lease is plain and unambiguous, the meaning of the lease is a question of law, and the function of the court is to interpret the contract as written, according to its plain terms. *Petty v. Sloan*, 197 Tenn. 630, 637-39, 277 S.W.2d 355, 358-59 (1955). "Furthermore, this Court cannot make a new contract for the parties, but can merely construe the lease as written." *St. Paul Surplus Lines Ins. Co.*, 725 S.W.2d at 951 (citing *Stone v. Martin*, 185 Tenn. 369, 374, 206 S.W.2d 388, 390 (1947)).

Options to renew are essentially unilateral contracts which give the lessee an irrevocable right to extend a lease during the option period. *American Oil Co. v. Rasar*, 203 Tenn. 37, 45, 308 S.W.2d 486, 490 (1957). "Lessees must give timely notice according to the terms of the option, and lessees who fail to give the required notice lose their right to renew the lease." *Abou-Sakher v. Humphreys County*, 955 S.W.2d 65, 68 (Tenn. App. 1997) (citing *Rasar*, 203 Tenn. at 45, 308 S.W.2d at 490).

While we have found no Tennessee cases which address an option to renew at the end of the lease, there appears to be a split of authority in other jurisdictions concerning when such an option is to be exercised. Some courts find that the option may be exercised within a reasonable time after the lease expires. *See Caito v. Ferri*, 44 R.I. 261, 116 A. 897, 897 (1922) ("[A] fair construction of the agreement is that it was the intent of the parties that the tenant was to have a reasonable time after the termination of the lease in which to make his election, . . . ."). On the other hand, other courts require that the option be exercised on or before the date of expiration of the lease. *See Music Tree, Inc. v. Tallman Piano Store, Inc.*, 608 P.2d 1228, 1230

_____

in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.").

(Or. App. 1980) ("In the absence of a specific time fixed by the terms of the lease within which the tenant must exercise the right to renew, the law implies a reasonable time to exercise the option within the term of the lease."); *I. X. L. Furniture & Carpet Installment House v. Berets*, 32 Utah 454, 91 P. 279, 282-83 (1907) (Where the lessee had the option to renew "at the expiration of the term of this lease," the court held that the lessee was required to make its request on or before the last day of the lease, not after it had expired.). *See also* 49 Am. Jur. 2d *Landlord and Tenant* § 168 (1995) ("The exercise of an option to renew a lease must, absent unusual circumstances, occur prior to the expiration of the lease.").

While there is no precedent in Tennessee which specifically addresses the circumstances presented in this case, it is clear that an option to renew must be exercised in accordance with the provisions of the lease. *See Corim, Inc. v. Sam Blair Co.*, 721 S.W.2d 256, 260-61 (Tenn. App. 1986); *Southern Region Indus. Realty, Inc. v. Chattanooga Warehouse & Cold Storage Co.*, 612 S.W.2d 162, 164-65 (Tenn. App. 1980). "[I]n the absence of special circumstances warranting a court of equity in granting relief the right of a renewal is lost if the notice is not given in accordance with the provisions of the lease." *Rasar*, 203 Tenn. at 45, 308 S.W.2d at 490.

City Sign relies upon cases from other jurisdictions for its proposition that it had a reasonable time after the expiration of the lease to exercise the option to renew. Upon review, we find the cases City Sign relies upon to be distinguishable in that they dealt with situations involving holdover tenants where the landlords, by their actions, waived the notification requirement.

In the case sub judice, City Sign had an option to renew at the end of ten years. Rather than renew the lease on or before the date of expiration, City Sign waited ten days after the lease expired before exercising the option to renew. In addition, City Sign did not attempt to renew the lease until after Norton wrote a letter notifying City Sign that they had failed to exercise their option to renew and that the lease had therefore expired.

City Sign failed to exercise the option to renew in accordance with the provisions of the lease thereby losing its right to renew. Thus, under the circumstances, the lease expired and does not continue to be in force.

Accordingly, the judgment of the trial court is affirmed, and the case is remanded for

6

such further proceedings as necessary.  Costs of appeal are assessed against the appellants.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**DAVID R. FARMER, JUDGE**

_____
**DAVID G. HAYES, JUDGE**