IN THE SUPREME COURT OF TENNESSEE
AT JACKSON

**FILED**

**February 14, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| MAX NORTON and LONG OUTDOOR ADVERTISING, | FOR PUBLICATION |
| Plaintiffs/Appellees, | **Filed: February 14, 2000** |
| v. | Madison Chancery |
| JOHN A. McCASKILL, d/b/a CITY SIGN COMPANY, | Hon. Joe C. Morris, Chancellor. |
| Defendant/Appellant. | No. W1997-00151-SC-R11-CV |

For Plaintiffs-Appellees:

Larry A. Butler
Spragins, Barnett, Cobb & Butler, PLC
Jackson, Tennessee

Justin S. Gilbert
The Gilbert Firm
Jackson, Tennessee

For Defendant-Appellant:

James T. Ryal, Jr.
Adams, Ryal & Flippin, PC
Humboldt, Tennessee

# O P I N I O N

TRIAL COURT AND COURT OF APPEALS
AFFIRMED.                                                    DROWOTA, J.

We granted this appeal to determine the time frame within which a lessee must exercise the option to renew a lease that does not designate a specific time frame for renewal but requires that the option be exercised "at the end of" or "at the termination of" the original lease term.  We have concluded that in the absence of a specific time designation in the lease, an option to renew remains

effective only during the term of the lease. Accordingly, when a lease merely stipulates that it must be renewed at the end of its term, the lessee must exercise the option on or before the day the lease expires. We find that the lease in this case was not renewed because the lessee did not exercise the option until after the lease had expired. We therefore affirm the judgments of the trial court and Court of Appeals.

### FACTUAL BACKGROUND

On June 12, 1985, Richard D. Norton, Jr., who rented billboard space, entered into a lease with City Sign Company (City Sign), which was owned by James H. McCaskill. The lease involves billboard space on commercial property adjacent to the Highway 45 by-pass in Jackson, Tennessee. Under the terms of the lease, City Sign, as lessee, agreed to pay monthly rent in exchange for the right to maintain billboard advertising on the property. The lease was for a period of ten years beginning on July 1, 1985, and ending on June 30, 1995. Although the lease was a printed form, City Sign inserted a typewritten "option to renew" provision within the form that stated: "City Sign Company reserves an option to renew this lease at the end of 10 years for a like period."

On July 5, 1995, Max Norton, who had become the owner of the subject property, notified City Sign by letter that the ten-year lease had expired five days earlier, on June 30, 1995. Norton further advised that since City Sign had not exercised its option to renew, the lease was no longer in force. Shortly thereafter Norton leased the subject property to Long Outdoor Advertising (LOA), an appellee in this action. Nonetheless, on July 10, 1995, John McCaskill, who had become the owner of City Sign, notified Norton by letter that City Sign intended to exercise its option to renew the lease. He enclosed a check to pay the July 1995

rent. Norton rejected the check, maintaining that the lease and the option to renew had expired. Since then, McCaskill has continued to tender the monthly rent in accordance with the terms of the disputed lease. Norton has rejected each payment.

On September 11, 1995, Norton and LOA filed suit in the Madison County Chancery Court against McCaskill and City Sign alleging breach of contract and trespass based upon City Sign's refusal to remove its billboard from the leased premises. The complaint further alleged that City Sign's failure to leave the premises has interfered with Norton's ability to fulfill his contractual obligations to LOA and has prevented LOA from obtaining sign permits and using the leased premises for its own purposes. In addition to all monetary damages arising from City Sign's actions, Norton and LOA also sought an order ejecting City Sign from the premises.

Norton and LOA then moved for partial summary judgment on February 13, 1996, asserting that there was no dispute that the lease terminated on June 30, 1995, and that the "only remaining issue to be tried is damages." City Sign then filed its own motion for summary judgment, maintaining that the lease was effectively "renewed within a reasonable period of time following June 30, 1995."

On August 1, 1996, the trial court granted Norton's and LOA's motion for partial summary judgment and denied City Sign's motion. The parties then entered into a consent judgment stipulating the amount of damages to be awarded should the trial court's decision be affirmed on appeal. City Sign then perfected this appeal to determine whether it had effectively exercised its option to renew the lease with the appellee, Max Norton.

The Court of Appeals affirmed the trial court's award of partial summary judgment to Norton and LOA because it concluded that City Sign had failed to effectively exercise its option to renew the lease. The intermediate court relied on the fact that City Sign did not exercise the option until ten days after the lease had expired and five days after receiving a letter from Norton notifying City Sign that the lease had terminated and that the option was no longer valid.

## STANDARD OF REVIEW

The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. See Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.03 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, see Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. See Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. See Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. See Byrd v. Hall, 847 S.W.2d at 215.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. See Byrd v. Hall, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. See id.

## EXERCISE OF THE RENEWAL OPTION

An option to renew a lease is a unilateral contract under which the lessee retains an irrevocable right to extend the lease during the option period. See American Oil Co. v. Rasar, 203 Tenn. 37, 45, 308 S.W.2d 486, 490 (Tenn. 1957); Abou-Sakher v. Humphreys County, 955 S.W.2d 65, 68 (Tenn. Ct. App. 1997). The right to renew will be lost, however, if the lessee fails to give timely notice in accordance with the terms of the option. See American Oil Co. v. Rasar, 203 Tenn. at 45, 308 S.W.2d at 490; Corim, Inc. v. Sam Blair Co., Inc., 721 S.W.2d 256, 260-61 (Tenn. Ct. App. 1986).

The lease in this case did not specify a time period within which City Sign was required to exercise the option to renew. The renewal provision merely provided that City Sign could renew the lease "at the end of 10 years." The parties properly recognize that no Tennessee case has clarified the requisite time frame within which an option must be exercised if the lease provides only for renewal "at the end of" the original lease term. As the Court of Appeals acknowledged, a split of authority exists in other jurisdictions concerning construction of the option language in these types of leases.

Relying on one line of cases, City Sign argues that the renewal provision's phrase "at the end of 10 years" does not mean "prior to the end," and permitted it to exercise the option within a reasonable time after the expiration of the lease's original term. Because it exercised the option within ten days after the ten-year term of the lease had expired, City Sign contends that it complied with the "reasonable time" requirement and effectively renewed the lease.

Citing a separate line of cases, Norton and LOA assert that the language "at the end of 10 years" required City Sign to exercise the renewal option within the original term of the lease. They assert that since City Sign did not give notice of renewal prior to the termination of the lease, the option to renew expired with the lease and was never properly exercised. After reviewing the cases espousing this view, we agree.

## OTHER JURISDICTIONS

Most jurisdictions recognize that absent unusual circumstances, the option to renew a lease must be exercised prior to the expiration of the lease.[1] However provisions designating a time frame within which notice to renew must be given are strictly construed. See American Oil Co. v. Rasar, 308 S.W.2d at 490. When a lease requires the lessee to exercise the option "at the end of" or "at the termination of" the original lease, courts addressing the issue have adopted one of two views on the time frame for renewal. At least two courts have interpreted this language to require that the option be exercised before the expiration of the original lease. See Music Tree, Inc. v. Tallman Piano Store, Inc., 608 P.2d 1228, 1230 (Or. Ct. App. 1980) (holding that under an option requiring renewal "at the expiration" of the lease but providing no more specific time requirement, the

---

[1] See generally 49 Am. Jur. 2d Landlord and Tenant § 168, at 173 n.96 (1995) (citing cases).

lessee had a reasonable time to exercise the option <u>within</u> the term of the lease); <u>I.X.L. Furniture & Carpet Installment House v. Berets</u>, 91 P. 279, 282 (Utah 1907) (holding that under an option requiring renewal "at the expiration" of the lease, the lessee was required to exercise the option on or before the last day of the lease). The reasoning behind this view is that the option to renew is part of the lease and therefore expires at the same time the lease expires.  <u>See</u>  <u>Douglass v. Jones</u>, 422 So.2d 352, 354 (Fla. Dist. Ct. App. 1982); <u>I.X.L. Furniture & Carpet Installment House v. Berets</u>, 91 P. at 282.

A separate group of courts have concluded that such an option may be exercised within a reasonable time after the expiration of the lease.  <u>See</u> <u>Maddox v. Hobbie</u>, 152 So. 222, 224-25 (Ala. 1934) (holding that an option to renew at the expiration of the original lease was effectively exercised because the lessee's holding over, without express notification of renewal, was deemed an election to renew the lease);  <u>Heritage Square Invs v. Trouard</u>, 406 So.2d 309, 311-12 (La. Ct. App. 1981) (acknowledging that if a lease does not expressly designate a time frame for renewal, the lessee must exercise the option within a time which, under all the circumstances, the lessor intended to give the lessee to communicate the intent to renew); <u>Kearney v. Hare</u>, 144 S.E.2d 636, 639 (N.C. 1965) (stating that with a lease containing a renewal option that did not require specific notice from the lessee, a presumption existed that the option was exercised where the lessee held over after the original term and continued to pay rent);  <u>Caito v. Ferri</u>, 116 A. 897 (R.I. 1922) (recognizing that a lease providing for renewal at the "termination" of the lease did not require the lessee to exercise the option before the lease expired, nor did it require renewal at the precise hour of termination, but gave the lessee "a reasonable time after the termination of the lease in which to make his election").  <u>Cf.</u> <u>Coulter v. Capitol Fin. Co.</u>, 146 S.E.2d 97, 100 (N.C. 1966) (recognizing that a lessee's holding over, without giving the prescribed notice of

renewal, gave rise to a presumption that the lessee was exercising the option to renew, but also recognizing that in such a situation the lessor could elect to treat the lessee as a trespasser or to waive the notice requirement and treat the lease as having been extended.)

## TENNESSEE LAW

After considering the two prominent views espoused by the courts confronted with this issue, we conclude that in the absence of a specific time designation in the lease, an option to renew remains effective only during the term of the lease. Accordingly, we agree with those courts concluding that when a lease stipulates that an option to renew must be exercised "at the end of" or "at the termination of" the lease, the lessee must exercise the option on or before the day the original lease term expires. Obviously, parties are free to negotiate any number of other arrangements for renewal options by including specific and pertinent language in the lease agreement. Our holding is confined to those leases that require renewal "at the end of" or "at the termination of" the lease or that contain similar language conveying the same requirement.

Applying this rule to the instant case, we conclude that City Sign did not effectively renew its lease with Norton because it did not exercise the option within the original term of the lease. As discussed, the renewal provision stipulated that City Sign could renew the lease "at the end of 10 years for a like period." McCaskill, acting on behalf of City Sign, did not notify Norton of the intent to exercise the option to renew the lease until July 10, 1995, ten days after the lease had expired and five days after Norton had informed McCaskill that the option to renew, like the lease, had expired. We agree with Norton that after the lease

-8-

terminated on June 30, 1995, the option was no longer in force and McCaskill's attempt to renew was ineffective.

City Sign next argues that even if it did not comply with the renewal option, it is nonetheless entitled to equitable relief. As support for this contention, City Sign relies upon South Region Indus., Inc. v. Chattanooga Warehouse & Cold Storage Co., Inc., 612 S.W.2d 162, 164-65 (Tenn. Ct. App. 1981), in which the Court of Appeals concluded that a commercial lease had been renewed despite the lessee's failure to comply with an option provision requiring notice of renewal at least ninety days prior to the expiration of the lease. Although the lessee prepared and mailed a letter expressing an intent to renew in a timely fashion, receipt by the lessor was delayed through no fault of the lessee. The intermediate court determined that equitable relief was warranted because the lessee had made a good faith effort to comply with the option requirement and because the lessor was not prejudiced by the delay. City Sign also directs us to the unreported case of Chen Corp. v. Kiyono Corp., No. 84-137-II, slip op. at 5 (Tenn. Ct. App. 1981), for the proposition that equitable relief should be afforded lessees when the failure to timely exercise the renewal option does not result from the lessee's actions or when the failure stems from mere negligence on the part of the lessee.

We have considered these cases and recognize that under some circumstances a failure to timely exercise a renewal option may warrant equitable relief. However no such circumstances exist in the instant case. City Sign has not offered a reason for waiting ten days until after its lease had expired to exercise the renewal option. In fact, City Sign did not give notice of its intent to renew until after Norton had informed it that the lease and option to renew had expired. Moreover, affording equitable relief to City Sign would prejudice Norton because

he has entered into another lease agreement with LOA for the same property. We conclude that this is not a case warranting equitable relief.

## AUTOMATIC RENEWAL PROVISION

Although this appeal concerns the option provision requiring renewal "at the end of 10 years," the lease contains another provision that may have affected the outcome of this case. An automatic renewal clause in the lease provides:

> After the original term hereof, this lease shall continue in force from year to year for a period of seven (7) consecutive years unless terminated at the end of the original term, or any additional year thereafter, upon written notice of termination to Lessor by Lessee, served not less than thirty (30) days before the end of such term or additional year.

Despite its potential significance in this suit, neither party addressed this clause in the trial court or during the intermediate appeal. In its opinion, the Court of Appeals, sua sponte, asserted that pursuant to Tenn. R. App. P. 36(a) the parties had waived the issue.[2]

We agree with the Court of Appeals that the issue of the automatic renewal provision has been waived and will not be considered in this appeal because neither party raised the issue at trial. See Simpson v. Frontier Community Credit Union, 810 S.W.2d 147, 153 (Tenn. 1991); Lawrence v. Stanford, 655 S.W.2d 927, 929 (Tenn. 1983); Harrison v. Schrader, 569 S.W.2d 822, 828 (Tenn. 1978).

## CONCLUSION

---

[2]Tennessee Rule of Appellate Procedure 36(a), which concerns an appellate court's power to grant relief, provides, in pertinent part: "Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."

For the foregoing reasons, we affirm the judgment of the Court of Appeals upholding the trial court's grant of partial summary judgment in favor of the appellees, Max Norton and Long Outdoor Advertising.  Costs are taxed to the appellant, John A. McCaskill, d/b/a City Sign.


_____
Justice Frank F. Drowota, III

Concur:
Anderson, C. J.
Birch, Holder, Barker, JJ.