# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 6, 2001 Session

## ANDREW FAHRNER v. SW MANUFACTURING, INC.

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for DeKalb County**
**No. 7620     John A. Turnbull, Judge**

---

**No. M1999-00021-SC-R11-CV - Filed May 16, 2001**

---

JANICE M. HOLDER, J., concurring and dissenting.

I concur in the majority's conclusion that the discovery rule applies to retaliatory discharge cases. I also agree that the discovery rule does not save Fahrner's action. I am unwilling, however, to join the majority in applying the doctrine of equitable estoppel as a basis for relief. I would therefore affirm the Court of Appeals' dismissal of this case.

Fahrner consistently made one argument before the trial court, the Court of Appeals, and initially before this Court. He claimed that the discovery rule required tolling of the statute of limitations. He asserted the applicability of the doctrine of equitable estoppel only after this Court granted his application for permission to appeal.

Numerous Tennessee cases hold that an issue raised for the first time on appeal is waived. See, e.g., Norton v. McCaskill, 12 S.W.3d 789, 795 (Tenn. 2000); Lawrence v. Stanford, 655 S.W.2d 927, 929 (Tenn. 1983) (noting, "It has long been the general rule that questions not raised in the trial court will not be entertained on appeal . . . ."). We have recently reversed the Court of Appeals for considering the doctrine of equitable estoppel when that theory had not been raised before the trial court. Alexander v. Armentrout, 24 S.W.3d 267, 272 (Tenn. 2000). The majority has attempted to explain why its application of the doctrine of equitable estoppel constitutes justice in this case but was error when performed by the Court of Appeals in Armentrout. I find this explanation unconvincing. The trial court in this case committed no error in failing to rule on a theory it was never asked to consider. Accordingly, I would find any claim for relief based on equitable estoppel in this case to be waived and any relief granted on that basis to be unwarranted.

_____

JANICE M. HOLDER, JUSTICE
