**FILED**

**March 9, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 3:00 P.M.**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Elsa Arriaga | ) Docket No. 2014-01-0012 |
| | ) |
| v. | ) State File No. 55942-2014 |
| | ) |
| Amazon.com, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Thomas Wyatt, Judge | ) |

_____

**Affirmed and Remanded - Filed March 9, 2016**

_____

In this interlocutory appeal, the employee alleges injuries to her neck, back, and feet stemming from her job duties in a warehouse. After first being advised by the employer to seek medical care on her own, the employee was later provided a panel of physicians. The employer denied the claim after unknown personnel at a panel-chosen facility checked a box on a form indicating the employee's injuries were not work-related. The trial court ruled that the employee was likely to succeed on the merits of her claim and ordered medical benefits. The trial court declined to award temporary disability benefits. The employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case for any further proceedings that may be necessary.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Charles E. Pierce, Knoxville, Tennessee, for the employer-appellant, Amazon.com, Inc.

Elsa Arriaga, Chattanooga, Tennessee, employee-appellee, pro se

1

## Factual and Procedural Background

Elsa Arriaga ("Employee"), a forty-eight-year-old resident of Hamilton County, Tennessee, was employed by Amazon.com, Inc. ("Employer"), at its warehouse in Chattanooga. Employee alleges that on July 3, 2014, she felt pain in her back, right shoulder, and feet while performing her job duties as a "picker."[1] Her pain was such that she was unable to complete her shift. She attempted to report her complaints at Employer's nursing facility but there was no nurse on duty. She filled out the required papers and slid them under the nurse's door.

Employee was next scheduled to work on July 11, 2014 and, prior to her shift, she reported her July 3, 2014 injury to the nurse at Employer's on-site facility. She completed a report in which she complained of pain in her feet, right shoulder, back, and neck. The nurse instructed Employee to report to the human resources department where Employee spoke with personnel about obtaining medical benefits for her injury. Despite requesting a panel of physicians, she was instructed to see her own physician.

On July 14, 2014, Employee saw her primary care provider for complaints of bilateral heel/foot pain, shoulder pain, and back pain. The nurse practitioner who treated Employee referred her to Dr. Ira Krause, a podiatrist, and Dr. Jason Eck, an orthopedic surgeon. Dr. Krause diagnosed Employee with "retrocalcaneal tendonitis/calcaneal spur" and restricted her from walking, pushing, carrying, or climbing for extended periods of time.

After seeing her primary care provider and Dr. Krause, Employee returned to Employer with their reports. She was required to complete another accident report and Employer provided a panel of physicians from which Employee selected Occupational Health Services. On July 23, 2014, Employee was seen by an unidentified individual at Occupational Health Services where she complained of symptoms consistent with her prior reports and explained that she believed her symptoms were caused by her job duties. Someone from Occupational Health Services completed a form indicating Employee did not have a work-related injury and that she could return to work without restrictions.[2]

---

[1] A "picker" retrieves items in Employer's warehouse and packs them into boxes for shipping. It is undisputed that Employee was required to maintain a fast pace and walk considerable distances in order to fulfill her quota of selecting 1000 items per shift, some of which were large and/or heavy.

[2] The records from Occupational Health Services consist of two pages on which certain boxes are checked. While Employer has indicated that Employee was seen by Dr. David Schultz at Occupational Health Services, the records provided from that visit are unclear in that regard and Employee did not know the name of the person who examined her. Employer offered no evidence confirming the identity of this individual at the expedited hearing.

Employee saw Dr. Eck in July and August 2014 and reported pain in her neck, back, and right arm, which she attributed to her work for Employer. MRIs ordered by Dr. Eck revealed "multilevel mild to moderate cervical spondylosis, most severe at the C5-6 level with right paracentral disc protrusion, right lateral recess encroachment, and severe right foraminal stenosis," along with a disk bulge in her thoracic spine. Dr. Eck recommended a "C5-6 anterior cervical discectomy fusion (Workers Compensation)." He believed that "her current symptoms are directly relate[d] to this work injury."

Following an expedited hearing, the trial court ruled Employee had presented sufficient evidence to establish she was likely to succeed at a hearing on the merits and ordered Employer to pay Employee's past medical expenses and provide ongoing medical care with Doctors Krause and Eck. The trial court denied Employee's request for temporary disability benefits.[3] Employer has appealed the trial court's award of medical benefits.

### Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)     Violate constitutional or statutory provisions;
(B)     Exceed the statutory authority of the workers' compensation judge;
(C)     Do not comply with lawful procedure;
(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

---

[3] Employee has not appealed the denial of her request for temporary disability benefits. Thus, we need not address that issue.

3

**Analysis**

Employer challenges the trial court's decision on three grounds: (1) the trial court erred in admitting as evidence Employee's medical records, (2) the trial court erred in finding that the presumption of correctness afforded the opinion of an authorized treating physician under Tennessee Code Annotated section 50-6-102(14)(E) had been rebutted, and (3) the trial court erred in awarding medical benefits because Employee failed to present evidence of anything more than pain. We will address each issue in turn.

*Admissibility of Medical Records*

Employer argues, for the first time on appeal, that the trial court erred in admitting Employee's medical records pursuant to "Tenn. Comp. R. & Regs. 0800-02-210.16(6)(b)" because the records do not meet the criteria for admissibility under Tennessee Code Annotated section 50-6-235(c) and Tennessee Rule of Evidence 803(6).[4] Employer maintains that the regulation permitting electronically signed medical records to be admitted as evidence, Rule 0800-02-21-.16(6)(b), is contrary to Tennessee Code Annotated section 50-6-235(c)[5] and Tennessee Rule of Evidence 803(6).[6] As such, Rule 0800-02-21-.16(6)(b) is "nullified" and Employee's medical records should be disregarded.

With limited exceptions not applicable here, issues not presented to and decided by the trial court will not be decided by the appellate courts. *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991). As explained by one court, considering an issue "raised for the first time on appeal would be unfair to the trial court" because "the trial court [should be] given the opportunity to rule upon the merits of the issue." *Gilliam v. State*, No. 03-C-01-9411-CR-00406, 1995 Tenn. Crim. App. LEXIS 351, at *7 (Tenn. Crim. App. Apr. 25, 1995). In addition, considering an issue for the first time on appeal essentially "results in 'ambushing' the other party." *Id.* at *8. To avoid this untenable situation, "[i]t has long been the general rule that questions not raised in the trial court will not be entertained on appeal." *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983). Indeed, in most instances, an issue raised for the first time on appeal will be deemed waived. *See, e.g.*, *Norton v. McCaskill*, 12 S.W.3d 789, 795 (Tenn. 2000); *see also* Appeals Board Prac. & Proc. § 5.5 ("Issues or arguments not

---

[4] We assume Employer meant to rely upon Rule 0800-02-21-.16(6)(b) because the regulation cited by Employer, Rule 0800-02-210.16(6)(b), does not exist. Rule 0800-02-21-.16(6)(b) provides that "[a]ll medical records signed by a physician or accompanied by a certification that the records are true and accurate which has been signed by the medical provider or custodian of records shall be admissible."

[5] Tennessee Code Annotated section 50-6-235(c) provides a method of introducing into evidence a physician's report in lieu of a deposition.

[6] Tennessee Rule of Evidence 803(6) is the business records exception to the hearsay rule.

raised in the Court of Workers' Compensation Claims will be deemed waived on appeal.").

Such is the case here. Although Employer did object to the admissibility of handwritten notations on some of the medical records, no objection or argument was made regarding the admissibility of any medical record based on Rule 0800-02-21-.16(6)(b). The failure to raise the issue in the trial court constitutes a waiver of that issue on appeal and, consistent with established law, we decline to address it.

*Presumption of Correctness of Authorized Physician's Opinion*

The trial court found that Employer did not present sufficient evidence of an opinion from an authorized treating physician or, in the alternative, that Employee's evidence was sufficient to rebut the presumption of correctness afforded to the opinion of an authorized physician. *See* Tenn. Code Ann. § 50-6-102(14)(E) ("The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians . . . shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence."). Specifically, the trial court found insufficient evidence to establish Employee was actually seen by a physician at Occupational Health Services, as the signature on the form provided by Occupational Health Services is illegible, no office notes were provided, and Employee did not remember the name of the person she saw. The trial court concluded that while Employer suggested Dr. David Schultz was Employee's authorized physician at Occupational Health Services, it had not presented evidence to establish Employee was actually seen by him. Thus, the trial court determined that the presumption of correctness afforded to an authorized physician's opinion did not attach.

Because we agree with the alternative finding made by the trial court that Employee presented sufficient evidence to overcome the presumption of correctness, we need not decide whether Employer established an opinion entitled to a presumption of correctness. The trial court credited Employee's testimony describing the onset of her symptoms and the strenuous nature of her job. The trial court also observed that there was no indication what, if any, testing or examination of Employee the purported authorized treating physician may have performed. On the other hand, Dr. Eck obtained two MRIs and considered those tests in rendering his opinion that Employee's cervical injury was directly related to her employment. We find no error in the trial court's resolution of this issue.

*Medical Benefits*

It is well-settled that an injured worker has the burden of proof on every essential element of his or her claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd.

LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). However, at an expedited hearing at which pre-trial benefits are at issue, an employee need not prove every element of his or her claim by a preponderance of the evidence but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2014). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6.

Employer contends that the trial court erred in awarding medical benefits because "there has been no evidence shown in any of the medical records that there has been anything other than an increase in pain." According to Employer, "no anatomical change has been documented" stemming from a pre-existing condition.[7] However, Employee denied experiencing problems with her back or neck before July 3, 2014, and Employer provided no evidence to the contrary. Nor did the trial court make any findings regarding any such problems. What does appear in the record is evidence in the form of Dr. Eck's office notes that Employee has a herniated disc for which she needs surgery and that this condition is related to her employment. Under these circumstances, the trial court did not err in ordering medical benefits.

### Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed. The case is remanded for any further proceedings that may be necessary.

Marshall L. Davidson, III
**Marshall L. Davidson, III**
**Presiding Judge**
**Workers' Compensation Appeals Board**

---

[7] Employer cites *Trosper v. Armstrong Wood Products, Inc.*, 273 S.W.3d 598 (Tenn. 2008) as providing a framework for analyzing the aggravation of a pre-existing condition. However, in light of significant changes to the law since *Trosper* was decided, reliance on that case is misplaced. *See Miller v. Lowe's Home Centers, Inc.*, No. 2015-05-0158, 2015 TN Wrk. Comp. App. Bd. LEXIS 40 (Tenn. Workers' Comp. App. Bd. Oct. 21, 2015).


**FILED**

**March 9, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 3:00 P.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Elsa Arriaga | ) | Docket No. 2014-01-0012 |
| | ) | |
| v. | ) | |
| | ) | State File No. 55942-2014 |
| Amazon.Com, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 9th day of March, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Elsa Arriaga | | | | | X | littleyankee713@gmail.com |
| W. Troy Hart | | | | | X | wth@mijs.com |
| Thomas Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Matthew Salyer*

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov