

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Jacqueline Keyes | ) | Docket No.   2016-06-2007 |
| | ) | |
| v. | ) | State File No. 58630-2016 |
| | ) | |
| Bridgestone Americas, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

_____

### Affirmed and Remanded - Filed May 18, 2017

_____

In this interlocutory appeal, the employee contends there is a causal relationship between her left knee condition and an alleged August 22, 2016 injury to her right knee. She asserts she suffered a work-related injury to her left knee on July 6, 2016, and due to instability in her left knee, suffered the August 22, 2016 right knee injury. The order being appealed denied the relief the employee requested as a result of the July 6, 2016 incident and did not address the employee's entitlement to benefits related to the August 22, 2016 incident beyond stating that the trial court's decision "has no effect on the compensability of . . . a right knee injury on August 22, 2016." Because the employee raises an issue that has not been presented to or decided by the trial court, we affirm the trial court's decision denying benefits for the alleged July 6, 2016 injury and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Wm. Kennerly Burger, Murfreesboro, Tennessee, for the employee-appellant, Jacqueline Keyes

Nicholas S. Akins, Nashville, Tennessee, for the employer-appellee, Bridgestone Americas

1

**Memorandum Opinion[1]**

Jacqueline Keyes ("Employee") alleges she suffered an injury to her left knee on July 6, 2016 while working for Bridgestone Americas ("Employer"). She alleges that while moving tires, she slipped in water and twisted her left knee. Her claim was initially accepted as compensable, and Employer provided authorized medical treatment with Dr. Lane Tippens, whom Employee chose from a panel of physicians. Dr. Tippens arranged for an MRI study of the left knee, which indicated advanced osteoarthritis of the medial compartment and patellofemoral joint and a degenerative tear of the medial meniscus. Dr. Tippens referred Employee for orthopedic evaluation, and Employee selected Dr. Michael Reid from a panel of orthopedists.

Employee first saw Dr. Reid on August 22, 2016 for an evaluation of her left knee. In addition to her left knee complaints, she reported to Dr. Reid that, earlier in the day while at work, she had been rolling a tire when her left knee "gave out," causing her to twist her right knee. Dr. Reid examined Employee's left knee, reviewed the medical records forwarded from Dr. Tippens' office, and returned Employee to work with restrictions. Employer subsequently sent correspondence to Dr. Reid requesting a causation opinion, asking whether "to a degree of medical certainty, is the diagnosis of chronic medial meniscus tear related to [Employee's] work injury of 7/6/16 by greater than 51%?" Dr. Reid responded that it was not. Shortly thereafter, Employer denied the July 6, 2016 left knee claim. In addition, Employer denied the August 22, 2016 claim and has provided no benefits for that alleged injury.

On October 26, 2016, Employee filed a petition for benefit determination asserting she sustained a work-related injury on July 6, 2016, when she slipped in some water and twisted her knee. She asserted that Employer had denied additional medical care even though it had initially authorized some treatment, and that she did not understand why. Following the issuance of a dispute certification notice that identified the injured body part to be the left knee, Employee filed a request for expedited hearing accompanied by her affidavit stating that on July 6, 2016, she slipped in water and "went down on my knee."

The trial court conducted an expedited hearing on April 12, 2017. Prior to exhibits being identified and any testimony being presented, the following exchange occurred between the trial court and Employee:

> Q: We're here today on a claim for an injury from July 6th of [2016] to your left knee?

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

A: Yes.

Q: And that's what the claim's about. I noticed that there were some medical records and information about a right knee injury that occurred on August 22nd, but that's a different matter altogether.

A: Yes.

Q: And if you want to pursue that, you'll have to file your own separate petition for benefit determination to pursue that claim.

A: Okay.

Q: That's a whole different thing, okay?

A: Right.

Following the hearing, the trial court issued an expedited hearing order in which it found Employee had not met her burden of proof and denied her request for benefits. A footnote in the trial court's order stated the following:

> The Court noticed medical records and a First Report of Injury regarding a later injury to [Employee's] right knee. However, the [petition for benefit determination] and [dispute certification notice] only list an injury date of July 6, 2016, and therefore the Court confined the analysis to that injury only. *The Court's decision within this order has no effect on the compensability of [Employee's] assertion of a right-knee injury on August 22, 2016, regardless of Dr. Tippins' notations within his records.*

(Emphasis added.)

Employee presents a single issue in her notice of appeal: "Employee contends that the factual circumstances and medical evidence support a [causal] relationship between her left knee condition and the work-related fall on 08-22-16[.]" Employee has submitted no brief or position statement setting forth her argument on appeal regarding this or any other issue. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would essentially be acting as her counsel, which the law prohibits us from doing. It is not clear from Employee's notice of appeal or any other document in the record on appeal how she contends the trial court erred in denying

3

the benefits she requested as a result of her alleged July 6, 2016 injury, and we decline to speculate.

Moreover, as is apparent from the exchange between Employee and the trial judge, no issue concerning the August 22, 2016 injury was before the court or was decided by the court. In the expedited hearing order, the trial judge explicitly excluded the August 22, 2016 injury from its analysis, observing that its order had no bearing on the compensability of that claim. As such, there has been no hearing at which the August 22, 2016 injury was properly before the trial court. The role of an appellate court is not to hear matters in the first instance, but to review trial courts' dispositions of the matters before them. "[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived. The adversarial system of justice is premised on the idea that 'appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them.'" *Cartwright v. Jackson Capital Partners, Ltd. P'ship*, 478 S.W.3d 596, 614 (Tenn. Ct. App. 2015) (citation omitted).

Furthermore, it is well-established that, generally, issues not presented to and decided by the trial court will not be considered by an appellate court. *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991). This rule has been described as a "cardinal principle of appellate practice," *Waters v. Farr*, 291 S.W.3d 873, 918 (Tenn. 2009) (Koch, J., dissenting), and in most instances an issue raised for the first time on appeal will be deemed waived, *see, e.g.*, *Norton v. McCaskill*, 12 S.W.3d 789, 795 (Tenn. 2000). *See also* Appeals Board Prac. & Proc. § 5.5 ("Issues or arguments not raised in the Court of Workers' Compensation Claims will be deemed waived on appeal.").

Here, no issue concerning the alleged August 22, 2016 right knee injury was decided by the trial court. Employee indicated an agreement that the only issues to be decided at the April 12, 2017 hearing concerned her July 6, 2016 left knee injury. She acknowledged she would need to file a separate petition for benefit determination to pursue a claim for a right knee injury. The trial court clearly expressed to Employee prior to any testimony being heard that the hearing had no bearing on any claim related to the August 22, 2016 injury. Without a ruling from the trial court addressing whether Employee is entitled to benefits for an August 2016 injury, there is no issue for us to review. Accordingly, the appeal is without merit, and the trial court's order is affirmed. The case is remanded for any further proceedings that may be necessary.

4



**FILED**

**May 18, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:45 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jacqueline Keyes | ) | Docket No.   2016-06-2007 |
| | ) | |
| v. | ) | State File No.  58630-2016 |
| | ) | |
| Bridgestone Americas, et al. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of May, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Wm. Kennerly Burger** | | | | | X | kenburger@comcast.net |
| **Nicholas S. Akins** | | | | | X | nakins@morganakins.com |
| **Nicholas B. Snider** | | | | | X | nsnider@morganakins.com |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Matthew Salyer*

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov